## HAWTHORN vs. CITY OF ST. LOUIS.

A public municipal corporation is not, like a private corporation, liable to be garnisheed for a sum due to an officer of such corporation as part of his salary.

### ERROR to St. Louis Circuit Court.

SPALDING, *for Plaintiff in error.*

The only question is whether, if the city is liable as garnishee, whether this garnishee differs

from a natural person in this respect, as it is certain a natural person would on the admissions in this answer be liable as garnishee.


HAIGHT, *for Defendant in error.*

The only question in this case is, whether the city, being a municipal and public corporation, is liable to this process. This Court, in the case of Cohen vs. Perpetual Ins. Co., 9 Mo. R., held, that a corporation was liable to this process, under our statute. In Massachusetts, a different result had been arrived at. Union Turnpike Co. vs. Jenkins, 2 Mass., 37; New England Marine Ins. Co. vs. Chandler, 16 Mass., 275, 277.

The court below, however, proceeded upon the principle that though private corporations might be liable to this process, yet it was not applicable to public and municipal corporations, they being merely agents for the public, were more like public officers. In this case, the object is to reach the salary of an officer of this corporation. The defendant is a corporation acting for the public, and it is against public policy that corporations of this kind should be compelled to enter into contests between debtor and creditor.


McBRIDE, J., *delivered the opinion of the Court.*

Jacob Hawthorn being an execution creditor of M. L. Clark, who was Recorder of the city of St. Louis, caused the said city to be summoned as garnishee, under the provisions of the statute, to be found in R. C. 1835, p. 254. The city, through its Mayor, answered, admitting that there was a balance due to said Clark from the said city, as part of his salary as Recorder; but submit whether the city is subject to this proceeding, at the instance of a creditor of the Recorder, for the purpose of recovering his salary. The Circuit Court dismissed the garnishment. The plaintiff, Hawthorn, excepted, and has brought the case to this Court by writ of error.

The only question on the record is, whether the salary of an officer of the corporation can be made subject to the payment of an execution against such officer by a proceeding of this character.

It has been held by this Court, and at this day there is no question on the subject, that a private corporation may be proceeded against by garnishment. 9 Mo. R., 421; Angell & Ames on Corp., 333. But the city of St. Louis is a public municipal corporation, created for the public benefit, and not subject to the same rules governing private corporations, such as banks, insurance companies, and other similar corporations. It should not, therefore, be compelled to stand at the bar of all the courts in the State and participate in the judicial controversies carried on between debtors and creditors. Whilst these contests would be going on, the public interest would suffer, by abstracting from their corporate du-

ties the time and attention of the officers, and occupying them in contests about which the corporation had no interest. And however desirable it may be to creditors to enforce against the officers of the corporation their just demands, by the means resorted to in this case, yet we think that public policy forbids the imposition of such a liability upon the corporation.

To appreciate the consequences which would inevitably follow in the train of such proceedings, it is only necessary to refer to the large amount of revenue collected and disbursed by the city. If this disbursement is to be made through garnishments, which may be instituted in any county in the State, against any creditor of the corporation, it must result most injuriously to the prosperity of the city and of the public interest.

Under the foregoing view of the subject, the judgment of the Circuit Court should be affirmed, and the other Judges concurring, the same is affirmed.