## THE MAYOR, ALDERMEN, &c., OF MOBILE
### vs.
### ROWLAND & CO.

1. Section 1 of the Code, which declares that the word "*person*", when used therein, "includes a *corporation* as well as a *natural person*", does not so control the subsequent sections (2516, *et seq.*) giving the process of garnishment against "*any person* indebted to the defendant in attachment," &c., as to authorize a garnishment against a public municipal corporation, to whom those sections, as shown by their provisions, are inapplicable.
2. Process of garnishment does not lie against a public municipal corporation, to subject the salary of one of its police officers.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS case was submitted to the decision of the court below, as appears from the bill of exceptions, on the following agreed statement of facts:

"The plaintiffs (B. F. Rowland & Co.) regularly obtained their judgment, before a magistrate, against the defendant (H. C. Benje), for $21 26, besides costs. The money not being made under execution on said judgment, a garnishment

process was issued, in due form, and in strict accordance with the law, which garnishment was regularly served upon the city of Mobile. Said city, by its mayor, duly appeared, and objected to make answer in the case, on the ground that said city could not be garnisheed, under any circumstances, in such a case ; and, also, upon the further ground, that said Benje was one of the police guard of said city, and that his wages could not be thus attached, for reasons of public policy, in such a case. These objections on the part of the city were overruled by the magistrate, and said garnishee was ordered to answer. Said city then made answer, by its mayor, and under its proper seal, ' that said Benje is one of the members of the police guard of said city, and is paid $66 66 for his services monthly, payable at the end of each month ; that at the end of the present month, said city will be indebted to said Benje, on account of his said wages, in the sum of $66 66.' This answer was made in July, 1853, and the magistrate rendered judgment thereon against said garnishees, which judgment was in due form, and for the correct amount due on said original judgment. From this judgment said garnishees appealed to said City Court, and now insist upon their exemption from said garnishment process. Whereupon the court determined, that said city was subject to the process of garnishment, and that the facts disclosed by the answer would not protect the salary of said Benje from the attachment ; to which determination of the court said city excepted."

The rendition of judgment against the appellants, on the facts disclosed by the record, is now assigned for error.

Jno. T. Taylor, for the appellants :

1. Can a corporation aggregate be garnisheed under our laws ? Section 2516 of the Code provides, that an attachment may be executed by summoning " any person indebted, or having in his possession, or under his control, property belonging to the defendant." Section 2517 provides, that "such person" shall appear, and answer on oath, according to the terms of the citation, and may, if required by the plaintiff, be compelled to answer orally in the presence of the court. If these acts stood alone, there could be but little doubt on the question ; but the first section of the Code says, that the word

person shall include corporations as well as natural persons. This latter statute can have no effect in all that great variety of cases where the word person is used, and where a corporation by reason of its artificial character could not be reached ; in other cases, corporations were included without the act.—See Ang. & Ames on Corp. 195-6. Being, therefore, affirmative of the common law only, it must be construed to mean this : " That in all cases where the word person is used in the Code, it shall include corporations, except where such a construction would be inconsistent with the terms of the particular act wherein the word is used. For instance, it could not be included in any of those sections relative to partnerships, because two corporations cannot form a partnership (Angell & Ames, p. 313; 7 Wend. 412) ; nor to any penal statutes (Angell & Ames, p. 313); nor to section 2175 or 2651 of the Code. Long before the adoption of the Code our court, in two cases (1 Ala. 396, and 4 ib. 753), suggested that there was a doubt whether a corporation aggregate could be garnisheed. Both these cases assert, that a corporation can only answer under its seal ; yet the act says, the garnishee must answer " under oath", and if he fails to do so, unless the plaintiff waives it, a judgment may go against the garnishee. The acts also say, that the plaintiff may require an oral answer " in open court"; yet a corporation cannot be brought into court; nor can it answer by agent, because the cases last referred to declare that not even the answer of the cashier on oath will in any way bind a bank. Is it not clear, therefore, that the word *persons*, as used in these garnishment acts, do not (and were not intended to) include corporations ?

The right of garnishment is a new and strictly statutory remedy, unknown to the common law ; and to give it such a construction as would include corporations, would be to add to the act a new provision, which the Legislature intentionally left out ; for it is to be presumed they were aware of the decisions above referred to, and the law of corporations as it stood at the time of passing the Code.—1 Paine's C. C. R. 400; 3 Mass. 288. It is true, the plaintiff may waive the answer being under oath, and may waive the person's being present in court ; but suppose he rather chose not to waive it, and to take his judgment for default ? But besides, the defendant

in execution is to be concluded by the answer (Code, § 2563; 9 Port. 390) ; he too has the right to demand the oath, and has, perhaps, too much at stake to be satisfied with a mere statement under seal, for which no one's conscience is liable. In 2d Mass. R. 37, the right to garnishee a corporation, (under their trustee process,) under acts similar to ours, was fully and ably argued by counsel; but the court, without hearing counsel for the defendant, unanimously decided, that a corporation aggregate could not be summoned as trustee, and that effects and credits in the hands of a corporation could not be so attached.—Lidderdale v. Montrose, 3 Durn. & E., top p. 441 ; 3 ib. 367 (682) ; 1 H. Black. 627 ; 3 Bos. & P. 324 ; 7 R. 413; Story on Contracts, § 577.

2. But does not public policy protect the wages of a police officer from attachment ?   Money due from a government or state is thus guarded for the benefit of the public.   The law says, the state must be permitted to select its own officers, from any condition or position in society, and cannot be made subject to the power of individual creditors to drive their selections from service when they choose ; nor can the creditor be permitted to paralyze the energy or in any way cripple the efficiency of a state's officer by taking from him the means afforded by the state which gives bread and clothing to himself and family,—Searg. on Att. 62, 140 ; also, 12 Ala. 597. The government of the city is a part of the state government. It is the exercise of a portion of the state sovereignty, and should in like manner be upheld by the same public policy.

3. Is the answer sufficient to authorize the attachment of the defendant's salary?   On this point, the attention of the court is called to the difference between the answer of the garnishee as set out in the record, and as it is stated in the bill of exceptions. The statements are very different, but in either view it does not warrant a judgment. On looking at sections 16, 24 and 44 of the charter, it will be seen that any of the officers of the corporation may be removed at any time, and that the compensation ceases on removal. All public officers have, also, the right to resign at their pleasure. The answer, as stated in the bill of exceptions, says, "there was nothing due until the end of the then month. The answer itself, copied in the record, says, "an order had been given by

Benje for the salary of the then month, but there would be the $66 66 for the next succeeding month, provided he did not resign, or was discharged." The court will see, therefore, there was no contract, or absolute indebtedness depending only upon time. But whether there would ever be an indebtedness, depended upon two uncertainties : 1st, whether the mayor would remove him ; and, 2d, whether he did not voluntarily resign ; the latter of which would very certainly happen, if the pay was garnisheed beforehand. Besides, if the city could be garnisheed for future dues, and a judgment rendered, they would then, even if the debtor was willing to continue, be driven in self-defence to keep in their employ many times worthless and inefficient officers, because they were already bound to pay ; or, if an officer found himself about to be discharged for ignorance, inefficiency, or corruption, he could, by obtaining a garnishment to be levied, thus secure his place for the next year, or at least the salary for the year. This would be to subvert both law and justice. Sound policy requires that the corporation should not only have the free right to remove, but also to adjust accounts at any time ; to deduct for lost time, breach of duty and losses by wilful omissions or default of duty. In this way, such men as form the city police can be made to feel a proper responsibility to the city, and soberness and energy in their profession insured. Again, the corporate authorities, who vote the pay, have the right to examine and pass upon the accounts to be paid. The public has a right to demand that this privilege be awarded to them. While the mayor can approve or not of ordinances granting compensation, he has not the right to order payments made without the concurrence of the other co-ordinate branches of the city government ; and yet, if the mayor can be constantly summoned to answer process of garnishments, and his statements alone of sums are to be entered up as absolute judgments against the city, then as to these particulars, the law and authority of the other branches of the city legislature is by the judgment of the justice of the peace repealed.—3 Mass. 288 ; 8 *ib*. 247 ; 7 *ib*. 259-60.

O. S. JEWETT, *contra.* (No brief on file.)

CHILTON, 'C. J.—There is some difficulty in the main point involved in this case, namely, whether a public municipal corporation can be garnisheed for a debt due, or to fall due, to one of its police officers as his salary. This question is for the first time presented to this court. True, the point was alluded to, in respect of corporations aggregate, in The Bank v. Poe. 1 Ala. 396, and The Bank v. Leavens, 4 *ib.* 753; but in neither case was it decided. In the first, however, it was determined, that the answer of the cashier of the Bank to a summons of garnishment, was not sufficient to authorize a judgment against the corporation—that such an answer must be made under the common seal of the Bank, by the express authority of either the directors or the president, who thus far is the executive officer of the board of directors.

We have examined our own statutes upon the subject, as well as the authorities generally, and we have become satisfied that no garnishment will run in the case before us.

The statute, it is true, authorizes any person to be summoned as a garnishee, (Code, § 2516,) and section 1 of the Code declares, that the word "person", when used in it, includes a corporation as well as a natural person; but this must be understood only of such provisions as will allow this signification to be given without violating their evident sense and meaning. When by the context it is clear no such meaning was intended, and when by thus construing the word *person* it would render the Code, which must be taken as a whole, incongruous, we must depart from the letter, to give effect to the spirit and manifest meaning and intent of the Legislature.

The garnishee must be summoned to appear and answer *on oath.*—Code, § 2517. He must file his answer, *on oath*, within the three first days of the term to which the summons is made returnable.—§ 2540. He may be *orally examined* in the presence of the court.—*Ib.* So, if the garnishee fail to appear as provided and answer, judgment may be rendered against him, &c.—§ 2545. These, and similar provisions which might be mentioned, clearly show that the statutes of garnishment cannot be applied to corporations, which, from their impersonal, artificial character, cannot be sworn; and cannot, in the nature of things, personally appear in court.

But there is another ground upon which we may rest our

opinion. This is a public municipal corporation : its officers are public servants, and the public is entitled to their service in the discharge of their duties. If they are to be made parties to controversies between debtor and creditor,—if these officers may be summoned to attend any and all of the courts having cognizance of garnishments throughout the State, and are to appear in person at the bar, awaiting such trials, on pain of having judgment by default go against the corporation, the public interest must necessarily suffer. Aside from this, the city corporation, which is a government for the city, invested with certain attributes of sovereignty delegated to it by its charter, is entitled to fill its offices by a selection of suitable persons from among the whole community. This privilege would exist but in name, if those who depend upon their salaries for a livelihood could be deprived of such salaries by garnishment, and thus cut off from the means of subsistence. The result would be, that only those who were free from debt, or who could subsist without their salaries, could fill such offices, and the public service might suffer for want of persons to accept or hold them.

The principle is the same which obtains in regard to the salaries of the officers of the State, and there are decisions which hold that the salaries of officers of municipal corporations are not within the statutes of garnishment, where those statutes are similar to our own.—Hawthorn v. City of St. Louis, 11 Missouri R. 59; 2 Mass. 37; see, also, Wicks v. Br. Bank of Mobile, 12 Ala. 594-97.

Let the judgment be reversed, and the cause remanded.