JAMES McDOUGAL, Appellant, *vs.* THE BOARD OF SUPERVISORS OF HENNEPIN COUNTY, Garnishees of Neil McNeil, Respondents.

APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

The twenty-third section of the Garnishee Act, (*Stat. p.* 662,) which authorizes "corporations to be proceeded against as garnishees, in the same manner and with like effect as individuals," applies only to private corporations, and was not designed to include municipal corporations charged with the interests of the public. Counties are public corporations, and their officers are public officers, and cannot be proceeded against as garnishees.

The Court Commissioner of the County of Hennepin, before whom the original disclosure of the garnishees was made, ordered them to hold in their hands all sums due from them to the Defendant McNeil, until the further order of the Court. The District Attorney for the county afterwards moved to set aside

the proceedings under the garnishee summons, which motion was granted. The Plaintiff appealed from the order granting the motion.

Points and authorities of Appellant.

*First.*—A county is both a body *corporate* and politic, and as a body corporate may sue and be sued. *Revised Statutes, Chap.* 7; *Collated Stats. Chap.* 8, *Art.* 14.

*Second.*—All actions or proceedings by or against a county in its corporate capacity shall be in the name of the Board of Supervisors of the county. *Laws of* 1858, *Chap.* 75, *Art.* 14, *Sec.* 3.

(A.) The service of a summons may be made upon the Clerk of the Board of Supervisors. *Rev. Stat. Chap.* 7.

(B.) The Clerk of the Board is styled " County Auditor." *Laws* 1858, *Chap.* 75, *Art.* 15, *Sec.* 9.

(C.) It is made the duty of the County Attorney to be present at the disclosure, but it is no part of the Plaintiff's duty to see that he performs his duty.

(D.) The Massachusetts Statute is more full than ours as to the effect of the answer of the party appearing to disclose. *Mass. Rev. Stat.* 1836, *Chap.* 109, *Sec.* 6. By that law his answer is held to be the answer of the corporation, and such would seem to be the correct principle. At all events nothing further is required of the Plaintiff by our law.

(E.) Nor does it seem probable that it was intended that the County Attorney should of necessity attend at a mere disclosure, as the garnishee's answer merely relates a state of facts of which he is adjudged to be the most competent person to speak.

*Third.*—The last question contains two points :

1st.—Whether the facts set forth in the disclosure was sufficient to charge the county. The answer of the garnishees shows an absolute indebtedness to the Defendant as a fact. *Vide disclosure of garnishees.*

2d.—Could the County Clerk and Chairman of the Board of Supervisors bind the county by their answer? Most assuredly, if they could be summoned. The Supervisors could not appear in person; the proper way for them to speak was through their

agents, personally; he comes clothed with the sanction and authority of the Board. If he discloses what is not true, the body which he represents is responsible for it.

A corporation being sued appeared by an attorney, and his answers were taken to be true until disproved.   34 *Maine* 586.

Points and authorities of Respondents.

Two questions arise in this case.

*First.*—Are the Respondents (a municipal corporation) liable under our statute to be holden as garnishees.

*Second.*—Was the appearance and disclosure by the Auditor and Chairman of the Board of Supervisors, authorized or in any way binding upon the Respondents, or such as to give the Court jurisdiction.

The process of garnishment is an extraordinary remedy in derogation of the common law, of recent date, and unknown in many of the States, and should be strictly construed so at least if possible, that it shall not operate injuriously upon the public interests.

In Massachusetts, where a similar statute has existed for a long time, providing like ours that "any person" having goods, credits, &c., might be garnisheed, the Courts upon grounds of public policy have made many exceptions.   They decided that "no person deriving his authority from the law, and obliged to execute it according to the rule of law, could be charged as garnishee (trustee) in respect of any money or property held by him by virtue of such authority."   *Brook vs. Cook,* 8 *Mass. Rep.* 246 ; *also in the case of Chealey vs. Brewer,* 7 *Mass. Rep.* 259, that no public officer could be adjudged liable to such an action.   That was a case where a County Treasurer had in his hands money due the Defendant for services as a juror, and the Court said if such action was allowed to be brought against public officers they would often be obliged to attend Courts in remote parts of the State for the purpose of making disclosures, and thus be obliged to neglect the public business for which they were elected.   Also that they would be unable to settle their accounts as public officers until after the settlement of protracted litigation, in which neither had any interest, and be continually harrassed, put to expense, and the public frequently subjected to losses.

Each of the reasons apply with equal force to the case at bar. If counties and other municipal corporations may be garnisheed it is obvious that the interest of the public will necessarily suffer thereby.

The same rule has been pursued in Massachusetts in all the reported cases which I have found, and been adopted in all other States where the laws allow this mode of attachment. *Drake on Attachment, Chap.* 21, *where the authorities are collated and the subject freely discussed; also Wilder vs. Bailey,* 3 *Mass. Rep.* 289; *Stillman vs. Johnson,* 1 *Conn. Rep.* 124; *Waite vs. Isham,* 11 *Maine Rep.* 185; *Barnes vs. Treate,* 7 *Mass. Rep.* 271; *Mitchell vs. Allen,* 1 *Conn.* 385; *Shewell vs. Kean,* 2 *Wharton Rep.* 332; *Barnet vs. Weaver,* 2 *Wharton Rep.* 418; *Comyn's. Dig. Attachments; Robinson vs. Howard,* 7 *Cushing Rep.* 257; *Jones vs. Gorham,* 2 *Mass. Rep.* 375; *Bulkeley vs. Ecbert,* 3 *Penn. State Rep.* 368.

The same principle is maintained in the Supreme Court of the United States, in the case of *Buchanan vs. Alexander,* 4 *Howard Rep.* 20, where they hold that a government disbursing agent cannot be garnisheed for money in his hands due a Defendant, and say that if it were allowed, the public service might become impracticable. This reasoning applies with insurmountable force to municipal corporations.

Take as an instance a large contract for building, grading or bridging, where the pay comes by installments, on which the contractor relies for labor and material as he progresses with the work. If it is garnisheed, the job must stop and the public suffer.

Courts should hesitate to give a law such a construction as would lead to like mischievous consequences.

The same rule has upon the same principle been applied to municipal corporations, in all cases where the question has arisen, they from their nature, being solely to subserve the public interest. *Drake on Attachment, Sec.* 497; *Hawthorne vs. City of St. Louis,* 11 *Missouri Rep.* 59; *Brodley vs. Richmond,* 6 *Ver. Rep.* 121; *Wood vs. County of Hartford,* 12 *Conn. Rep.* 404.

The Appellant relies on the language of the statute, which provides that " corporations may be proceeded against as gar-

nishees in the same manner and with like effect as individuals," &c. *Pub. Stat. Chap.* 80, *Sec.* 23, *p.* 662. But this can be intended to mean only private corporations. The word corporations occurs frequently in the statutes when it is obvious that only *private* corporations are intended. *See Pub. Stat. Chap.* 17, *Sections* 343, 347, 352, 355 *and* 360 ; *also Chap.* 67, *Sections* 3, 4, 6 *and* 15. Numerous other instances might be cited.

Certainly, if the Court would except public officers, notwithstanding the language of the first section, chapter eighty, aforesaid, the same reasoning must constrain the Court to except *municipal* corporations. Indeed all the reasons advanced in the books for excepting public officers, apply with four-fold force in the case of corporations.

Neither the Auditor nor Chairman of the Board had any right to appear nor to disclose in the case, nor can their action bind the Respondents ; their powers and duties are defined in *Article* 15, *of Chap.* 8, *Public Statutes, p.* 193, *et seq*, and they can exercise no other. This is a civil action, and no disclosure can take place until after an appearance, (*Chap.* 80, *Pub. Stat.*) and the only person authorized to appear in the action is the District Attorney. *Pub. Stat. p.* 164, *Sec.* 68.

The motion upon which the order appealed from was granted, was argued and submitted to the Court below on the 9th day of January, 1860. The costs on the motion then accrued. Even the order appealed from was made and filed prior to the publication of the law abolishing costs.

The case in 11 *Missouri Rep.* 59, is exactly similiar to that at bar.

CUSHMAN & WOODS, Counsel for Appellant.

W. LOCHREN, Counsel for Respondents.

*By the Court.*—FLANDRAU. J. The Court below was right in dismissing the garnishee proceedings against the county of Hennepin. The twenty-third section of the Garnishee Act, which authorizes "corporations to be proceeded against as garnishees, in the same manner and with the like effect as

McDougal *v.* The Board of Supervisors of Hennepin County.

individuals," (*Comp. Stat. p.* 662, *Sec.* 23) applies only to private corporations, and was not designed to include municipal corporations charged with the interests of the public.    Counties are public corporations, and their officers are public officers.

The varied relations which such bodies through their officers hold towards individuals as their debtors, would render them liable to be constantly attacked with such process, and would very materially embarrass them in the performance of their official duties.    If they are subject to such suits, they are bound to give them the same attention which is required of private individuals, and this would involve their attendance upon distant Courts, and the consequent absence from their respective offices.    It would also very much embarrass them in their accounts, as each indebtedness disclosed, would necessarily suspend the payment of the sum, until the decision of the litigation between the principal parties, which might be protracted for years.    Public policy cannot tolerate such an obstacle to the exercise of official duties as this rule would necessarily be, should it be allowed to obtain.

The counsel for the Appellant has submitted a very able argument to show that our act was intended to include public corporations, and also to overthrow the rule I have above stated, but the case upon both principle and authority is clearly against him.    See in support of this principle, *Drake on Attachment, Chap.* 21, where the whole subject is most thoroughly discussed, and cases collected from the Courts of most of the States where such proceedings are authorized, and also the Supreme Court of the United States.

The order of the District Court dimissing the garnishee proceedings is affirmed.