BURNHAM VS. THE CITY OF FOND DU LAC.

A municipal corporation is not liable to be made a garnishee in attachment.
DIXON, C. J., dissented.

15      193
f110    438
110     639
53 LRA  612

15      193
e117    145

APPEAL from the Circuit Court for *Fond du Lac* County. The plaintiff brought this action as sheriff, to recover the sum of $325, for which the defendant had 'been garnisheed as a debtor of one Rider, the complaint alleging that the defendant, after the service of garnishee process, paid over the amount of said indebtedness to Rider, the attachment defendant. The circuit court sustained a demurrer to the complaint, upon the ground, among others, that the city of Fond du Lac being a municipal corporation, its indebtedness to said Rider was not subject to attachment.

*Abbott, Gregory, Pinney & Flower,* for appellant:

The debt of a corporation, due to the defendant in an action, may be attached. R. S. 1849, chap. 4, sec. 1; *Balt. & Ohio R. R. Co. vs. Gallahue's Adm'rs,* 12 Gratt., 655; *Bray vs. Wallingford,* 20 Conn., 416; *Whidden vs. Drake,* 5 N. H., 13. In *Hawthorn vs. St. Louis,* 11 Mo., 59, it is held that such corporations are not subject to such garnishment, but the reasoning of the court in that case is well answered by the opinion in *Bray vs. Wallingford, supra.*

*Charles A. Eldridge,* for respondent:

The indebtedness of a municipal corporation to an individual is not subject to attachment. There may be some conflict of authority upon this point, but the statute in force at the time of this attachment, and the better reasons, are against it. Public policy forbids it. 11 Mo., 59; 23 id., 239; 26 Ala., 498; 29 Penn. St., 173; 8 Maryland, 95. By sec. 143, Code of 1857, which was in force at the time the attachment was said to have been made in this case, service was to be made upon "the president or other head of the association or corporation, or the secretary, cashier, or managing agent thereof"—clearly referring to other than municipal corporations. See also sec. 142, referred to in the above section.

*By the Court,* PAINE, J. The question in this case is, May 15.

whether a municipal corporation is liable to be garnisheed for its debts to individuals. The question is very similar in principle to that whether sheriffs or clerks of courts, and other similar officers, are liable to garnishment for moneys in their possession as such officers. And in the case of *Hill vs. La Crosse & Mil. R. R. Co.*, 14 Wis., 291, the majority of the court held that the sheriff was not so liable.

The following cases are very clear and satisfactory authorities against the liability of municipal corporations to garnishment: *Hawthorn vs. The City of St. Louis*, 11 Mo., 59; *Fortune vs. St. Louis*, 23 id., 239; *Mayor &c. of Mobile vs. Rowland & Co.*, 26 Ala., 498; *Mayor &c. of Baltimore vs. Root*, 8 Maryland, 95; *Erie vs. Knapp*, 29 Penn St., 173.

Very little, perhaps, could be added to the reasoning of these cases upon the subject. Yet there is one consideration that might be added, illustrating the public inconvenience which would result from the opposite doctrine. That is, that contractors with municipal corporations are frequently compelled to rely on the payments as a means of completing their contracts. So that if these payments could be suspended, by means of garnishment, until private litigation could be settled, and perhaps finally diverted entirely to pay the contractors' debts, in addition to the inconveniences more distinctly pointed out in the cases referred to, the public works themselves might be delayed and their benefit lost, until the corporation could be fortunate enough to find some contractor, of whom nobody claimed to be a creditor.

I think the language of the statute also furnishes a clear implication that municipal corporations were not within its intention. Sec. 46, chap. 130, R. S. 1858, prescribes the mode in which corporations may be garnisheed. It was evidently the intention to designate specifically those which were usually the principal officers in the corporations within the scope of the statute. They accordingly specified the " president, cashier, treasurer and secretary." None of these titles is usually applicable to the officers of a municipal corporation, except that of treasurer, but they describe the usual principal officers of private corporations. The fact that no mention is made of a mayor, clerk or alderman, the usual

principal officers of a municipal corporation, seems to me to indicate that the legislature did not intend to subject that class of corporations to the provisions of the act.

The majority of the court is of the opinion that the judgment should be affirmed, with costs.

DIXON, C. J., dissented.