Sneed, J.,
delivered the opinion of the Court.
We are of opinion that a municipal corporation is not subject to the process of garnishment at the suit of a private creditor of the employe of the corporation, and the determination of that question is decisive of this case, and results in the affirmance of *512 the judgment below. The statute gives the remedy by garnishment to all persons, and defines “persons’* to include “corporations,” but we hold that the word “ corporations,” as here used, means private corporations, and not public or municipal corporations. Code, Secs. 50, 3087, 3478. ¥e are not aware that the precise question has ever been before this court, but, upon principle, we think it is unquestionable that the city government in this case was not the subject of garnishment, and that the proceeding is ah initio void. A municipal corporation is created by the government for political purposes, and is vested with subordinate and local powers of legislation. It is an imperium in imperio, and can no more be embarrassed in the exercise of the governmental powers with which it is invested for the public good, than can the power creating it. The origin of municipal corporations, it is said, may be referred to the earliest institution of civil police. Thus it is said by Domat, “the same cause which has linked men together for supplying the wants of - every one by the concourse and assistance of many others, has produced the first societies of villages, boroughs, cities, and towns. These cities, towns, counties, parishes, existing for public purposes, are public corporations, while banks, roads, canals, and the like are private corporations, though their use may be public. Ang. and Ames’ Corp., 10, 28, 32. The first are local governments of a “public” which is only circumscribed by the limits of their jurisdiction; and whether large or small, the same reasons of public policy which forbid *513 the embarrassment of the machinery of the State government by interrupting the proper functions of its-officers by process of garnishment or attachment for the collection of debts between private persons, will protect these subordinate governments from a like interruption. In the case of the Bank of Tennessee v. Dibrell, it was held by this court that on considerations of public policy, the salaries of public officers-are not liable to attachment or garnishment, and that the funds set apart by the State as compensation for its employes belong to the State until they pass out of the treasury and out of the hands of the disbursing agent. 3 King’s Dig., Sec. 6980; 3 Sneed, 379. The principle, we take it, is one of universal application, and would cover all manner of garnishments like this as against the State, and applies with like force to the city or the town whose welfare might be seriously interrupted if the officers thereof can be at any time called away from their municipal duties to answer and defend the litigation of private creditors of the employes or creditors of the corporation, to-say nothing of the peril that would threaten the public .weal if the contractors and employes, as well as the enterprises of the corporation, could thus be par-alized by the seizure and sequestration of the wages upon which the contractors and employes depend for the perfermance of their contracts. We are supported in this view by a number of strongly reasoned cases in some of the courts of our sister States. Merwin v. City of Chicago, 45 Ill., 134; Burnham v. The City of Fond DuLac, 15 Wis., 193; McDougal v. Board *514 Supervisors, 4 Minn., 184; City of Chicago v. Hasley, 25 Ill., 596; Mayor of Baltimore v. Root, 8 Maryland, 102; Chaisly v. Brewer, 7 Mass., 260; Bulkley v. Ekhart, 3 Barr., 368; Mayor v. Rowland, 26 Ala., 503; Hawthorne v. St. Louis, 11 Mo., 59.
In one of these cases, in which the city of Chicago, at the suit of Merwin, had been summoned as a garnishee, the city, even without answer, was, by the court discharged as garnishee.
Upon appeal to the Court of Errors, Mr. Justice Lawrence, in delivering the opinion of the court, said, “ The city should not be subjected to this species of litigation, no matter what may be the character of the indebtedness. If we hold it must answer in all these cases, and the exemption from liability be allowed to depend in each case upon the character of the indebtedness, we shall leave it liable to a vast amount of litigation in which it has no interest, and obliged to spend the money of the people and the time of its officials in the management of matters wholly foreign to the object of its creation. A municipal corporation can not be properly turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and can not be required to consume the time of its officers or the money in its treasury in defending suits in order that one private individual may the better collect a demand due from another. . A private corporation must assume the same duties and liabilities as private persons, since it is created for private purposes. But a municipal corporation is a part of the *515 government. Its powers are held in trust for the common good. It should be permitted to act only in reference to that object, and should not be subjected to duties, liabilities, or expenditures, merely to promote private interest or private convenience.” Merwin v. City of Chicago, 45 Ill., 134.
In the case of Burnham v. The City of Fond DuLac, the plaintiff brought his action as sheriff to recover the sum of $325, for which the defendant had been garnished as the debtor of one Rider, the plaintiff alleging that the defendant,' after service of the process of garnishment, paid over the amount of said indebtedness to Rider, the attached defendant. The court sustained a demurrer to the complainant upon the ground, among others, that the city of Fond "Du-Lac being a municipal corporation, its indebtedness to Rider was not subject to attachment. Paine, J., said, “The question is, whether a municipal corporation is liable to be garnisheed for its debts due to individuals. The .following cases are very clear and satisfactory authorities against the liability of municipal corporations to garnishment: 11 Mo., 59; 23 Mo., 239; 26 Ala., 498; 8 Maryland, 95; Erie v. Knapps, 29 Penn., 173. Very little, continues the learned judge, could be added to the reasoning of these eases upon the subject. Yet there is one consideration that might be added illustrating the public inconvenience which would result from the opposite doctrine. That is, that contractors with municipal corporations are frequently compelled to rely on the payment of their wages as a means of completing their contracts. *516 So that if these payments could be suspended by means of garnishments until private litigation could be settled, and perhaps finally diverted, to pay the contractor’s debts, in addition to the inconveniences, more distinctly pointed out in the cases referred to,, the public works might themselves be delayed, and their benefits lost, until the corporation be fortunate enough to find some contractor of whom nobody claimed to be a creditor.” 15 Wis., 193.
In the case of McDougal v. The Board of Supervisors, &c., 4 Minn., 184, the Court said: “The Court below was right in dismissing the garnishee proceedings against the county. The 23d section of the garnishment laws, which authorizes corporations to be proceeded against as garnishees in the same manner and with like effect as individuals, applies only to private corporations and was not designed to include municipal corporations charged with the interests of the public.' Counties are public corporations, and their officers are public officers. The varied relations which such bodies, through their officers, hold towards individuals as their debtors, would render them liable to be constantly attacked with such process, and would very materially embarrass them in the performance of their official duties. If they are subject to such suits,, they are bound to give them the same attention which is required of private individuals, and this would involve them in attendance upon distant courts, and the-consequent absence from their respective offices. It would also very much embarrass them in their accounts, as each indebtedness disclosed would necessarily *517 suspend the payment of the sum until the decision of the litigation between the principal parties, which might be protracted for years. Public policy can not tolerate such an obstruction to the exercise of official duties as this rule would necessarily be, should it be -allowed to obtain.” 4 Minn., 184.
The reasoning of these several cases leaves no .ground to doubt the soundness of the principle which governs this case — and the fácts of the case very well illustrate its wisdom. The 'corporation was required 4o respond to the process of garnishment in a dozen -cases at the suit of as many small creditors, in order to subject an indebtedness of four hundred dollars ($400) in aggregate amount, to the demand of these several •creditors — and all the expense, inconvenience and embarrassment incident to such litigation was the necessary consequence. This we hold to be a perversion •of the duties and functions of the municipal government and a wrong to the public, for whose convenience and protection that government was created.
Let the judgment be affirmed.