LEANDER C. McLELLAN, plaintiff in error, *vs.* DILLARD M. YOUNG *et al.*, defendants in error.

A municipal corporation is not liable to be garnished for the salaries of its officers, and this is true even if the debt claimed to be due from the officer is for provisions for himself and family.

Garnishment.   Municipal corporations.   Before Judge KNIGHT.   Cobb Superior Court.   November Term, 1874.

McLellan recovered a judgment against Young on an account for provisions furnished to him and his family.   Process of garnishment was served on the Mayor and City Council of Marietta.   The defendant was an officer of said garnishee, being the marshal of the city of Marietta, receiving a salary of more than $500 00 per annum, payable monthly.   The garnishee was indebted to him as such officer.

The case was submitted to the court without the intervention of a jury.   The garnishment was dismissed on the ground that the salary of an officer of a municipal corporation could not be reached by such process.   To this ruling the plaintiff excepted.

W. T. & W. J. WINN, for plaintiff in error.

C. C. WINN; C. D. PHILLIPS, for defendants.

McCAY, Judge.

In the case of *Holt vs. Experience*, 26 *Georgia*, 113, this court decided that municipal corporations were not subject to garnishment for the salaries of their officers.   So in 37 *Georgia*, 240, it was held that the Western and Atlantic Railroad was not subject to be garnished for the salaries of its officers. Both of these cases go upon the idea of public policy.   In both cases the officer was a public servant, selected to do a public duty, and that the public ought not to be thwarted or interfered with by contests with individuals as to the services of its officers.   The exemption is not for the benefit of the offi-

cer, but because the public is not to be harrassed and inconvenienced by petty suits in the shape of garnishments, and the efficiency of its servants interfered with by any uncertainty whether when the salary is due it will be paid. The act of 1850 recognizes this principle in that whilst it authorizes garnishments against corporations generally when the salary exceeds a certain amount, expressly exempts municipal corporations. But this exception was doubtless inserted simply to prevent misconception arising from the general use of the word " corporation " in the body of the act. The decision in 26 *Georgia* and in 37 *Ibid.*, on the subject of the exemption of municipal corporations from garnishment for the salaries of its officers, on principle, is sustained by the authorities in other states. Such is the rule in Pennsylvania : Erie *vs.* Knapp, 29 Penn. St., 173. In Minnesota, 4 Minn., 184. In Vermont, 6 Vt., 121. In Wisconsin, 15 Wis., 193. In Massachusetts, 13 Grey, 200. In Missouri, 11 Mo., 59; 23 *Ibid.*, 239. In Connecticut, 11 Conn., 123. In Alabama, 33 Ala., 69. In Maryland, 8 Md., 95. Nor is there anything in the act of 1872 which even suggests an intent to alter this rule. The act evidently contemplates persons who have wages due them and whose wages were *exempt* from garnishment under previous acts. The salary of a public officer is, in no fair sense of the word, wages. Such salaries were not exempt under acts exempting "wages." They were not, in the technical sense, exempt at all; but for the convenience and protection of the public, the corporation was not liable to garnishment for the salaries of its officers. The protection was not to the officer but to the public, and was intended to prevent confusion and petty litigation, and to secure to the public the faithful and diligent performance of official duties by its officers. Besides, it would be giving a very broad and unusual meaning to the word wages, as used in the act of 1872, to include in that term the salary of a public officer fixed by law. Not one person in ten would understand, by the word wages, the salary of a public officer. We are not prepared, therefore, to say that it was the intent of the legislature, by the act of 1872,

to make the salary of a public officer liable to garnishment in case the plaintiff's debt be for provisions. To do so we must hold that a well-settled rule of law has been altered by the legislature, although there are no words in the act to indicate such an intent, and although the original rule and the act of 1872 may both stand together. The corporation would not be liable to garnishment, as decided in the cases we have quoted, though there were no such exemptions as provided in section 3554 of the Code; and if this new liability is consistent with the absence of any exemptions, surely it is consistent with the act of 1872.

Judgment affirmed.