THE STATE OF NEBRASKA, EX REL. J. C. CRAWFORD, v. J. EBERLY, COUNTY CLERK, STANTON COUNTY.

**Garnishment.** A county is not subject to process of garnishment.

ORDER to show cause why an attachment should not issue against respondents for contempt.

*J. C. Crawford,* the relator, *pro se.*

*E. F. Gray,* for the respondent.

MAXWELL, J.

In July, 1881, the relator applied to this court for a

writ of mandamus to compel the defendant, as county clerk of Stanton county, to deliver to him a county warrant for the sum of $88.00, drawn in favor of Mary Horacek, but alleged to have been assigned to the relator. An alternative writ was granted, to which the defendant filed an answer stating in substance that he had been garnished as county clerk in an action pending in the district court of Stanton county, wherein D. Crowell was plaintiff, and Waclaw Horacek and others were defendants. The cause was continued from time to time, until November, 1881, when the defendant filed a supplemental answer setting forth in substance, that on the 16th day of November the above named cause came on for trial, and the court found that there was due from Waclaw Horacek to D. Crowell the sum of $398.80, upon the cause of action set forth in the petition in that case; and found that the warrant in question was the property of Waclaw Horacek, and directed said defendant to deliver the same to the sheriff of said county, to be applied upon said judgment. A peremptory writ was awarded in this court requiring the defendant to deliver to the relator the warrant in question. The warrant not being delivered; an order was entered to require the defendant to show cause why an attachment should not be issued against him for contempt. In his answer to this order he states in substance that after the judgment against him as garnishee, requiring him to deliver the warrant in question to the sheriff of Stanton county, he delivered the same to said sheriff before the peremptory writ was served upon him, and he now tenders the face value of said warrant with interest thereon, if the court shall adjudge that he pay the same. He also states that he was served with notice of garnishment before the alternative writ of mandamus was allowed, and the record shows that such is the case. The question to be determined therefore is, is a county liable to process of garnishment?

In the case of *The People v. The Mayor of Omaha*, 2 Neb., 166, it was held that a municipal corporation was not liable in such case. Mason, Ch. J., who delivered the opinion of the court, says, (page 168): "The legislature did not contemplate the service of garnishee process upon municipal corporations, created exclusively for the purpose of government; and hence no provision was made for service upon them."

In the case of *Burnham v. Fond du Lac*, 15 Wis., 193, a majority of the court held that a municipal corporation was not liable in such case. Payne, J., says, (page 149): "The question is very similar in principle to that, whether sheriffs or clerks of other courts, and other similar officers, are liable to garnishment for moneys in their possession as such officers." And in the case of *Hill v. La Crosse & Mil. R. R. Co.*, 14 Wis., 291, the majority of the court held that the sheriff was not liable.

The following cases are very clear and satisfactory authorities against the liability of municipal corporations to garnishment. *Hawthorne v. The City of St. Louis*, 11 Mo., 59. *Fortune v. St. Louis*, 23 Id., 239. *Mayor, etc., of Mobile v. Rowland & Co.*, 26 Ala., 498, *Mayor, etc., of Baltimore v. Root*, 8 Md., 95. *Erie v. Knapp*, 29 Penn. St., 173.

In *Wales v. Muscatine*, 4 Iowa, 302, the court held that the words "debtor or person holding property" in the attachment act extended to municipal corporations, and that they were subject to garnishment; but the legislature amended the statute so as to provide that "a municipal corporation shall not be garnished."

In *Jenks v. Osceola Township*, 45 Iowa, 554, it was held that the rule, that municipal corporations shall not be garnished, is not limited to cases where it would interfere with the discharge of corporate duties, but is universal in its application.

In the case of *Wallace v. Lawyer*, 54 Ind., 501, the

court, after an elaborate review of the authorities, held in substance that neither a body politic and corporate nor its officers as such, are subject to garnishment. The opinion was delivered by Biddle, J., who says (page 508) : "All the cases we have consulted upon these questions seem to rest their decisions upon a branch of the great public principle which exempts an embassador, a foreign minister, charge d'affaires, consul, members of legislature or public functionaries, while in office and in the public service, from civil arrest or other legal embarrassment at the suit of a private party. Without such a rule it would be frequently in the power of an individual to endanger the public interests or even check the wheels of government. * * * * The exemption is not given to the persons for a private advantage, but granted to the office from public necessity."

In *School District v. Gage*, 39 Mich., 484, it was held that a school district is a municipal corporation and cannot be garnished even by its own consent, unless the debtor also consents. It is said (page 486) : "There is no force to the waiver of objection to the jurisdiction. The exemption really belongs to the person whose debt is garnished and not to the debtor. *Johnson v. Dexter*, 38 Mich., 695. The garnishee cannot, without the debtor's consent, subject his rights to any unlawful burden."

In *Merwin v. The City of Chicago*, 45 Ill., 133, the court held that a municipal corporation was not liable to process of garnishment no matter what may be the character of its indebtedness. The opinion of the court was delivered by Lawrence, J., who says (page 136) : "A municipal corporation cannot be properly turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and cannot be required to consume the time of its officers or the money in its treasury in defending suits, in order that one private individual may better collect a demand due from another. A

private corporation must assume the same duties and liabilities as individuals, since it is created for private purposes. But a municipal corporation is a part of the government. Its powers are held as a trust for the common good. It should be permitted to act only with reference to that object, and should not be subjected to duties, liabilities, or expenditures, merely to promote private interest or private convenience."

In *Millison v. Fisk,* 43 Id., 112, in which process of garnishment had been served upon the officers of a school district, it was held that such officers were not subject to garnishment. The opinion of the court was delivered by Walker, J., who, after citing a large number of cases, says : "From these cases, and other authorities which might be cited, we may deduce the rule, that a person deriving his authority from the law to receive or hold money or property, cannot be garnished for the same, when held by him under such authority."

And the rule was adhered to in *Bivins v. Harper,* 59 Id., 21.

In the case of *Chicago v. Hasley,* 25 Ill., 595, it is said : "All municipal corporations are both public and political bodies. They are the embodiment of so much political power, as may be adjudged necessary. *  *  *  *  * They cannot be said to possess property liable to execution, in the sense an individual owns property so subject, for they have control of the corporate property only for corporate purposes, and to be used and disposed of to promote such purposes, and such only. Levying on and selling such property and removing it, would work the most serious injury in any city." See also *Ripley v. Gage County,* 3 Neb., 397.

In *Stillman v. Isham,* 11 Conn., 123, it was held that public officers, having money in their hands to which certain parties are entitled, are not liable to the creditors of those individuals by process of foreign attachment, and

in *Ward v. The County of Hartford*, 12 Id., 404, it was held that a county was not liable in such case.

In the case of the *City of Newark v. Funk*, 15 Ohio State, 462, Funk brought an action against Brooks, the city marshal, and caused his salary to be garnished. The answer of the city admitted the indebtedness to Brooks, but alleged that the amount was due to him for salary as city marshal. The court held that the city was subject to garnishment. The opinion of the court was delivered by Welch, J., who says (page 463): "The 458th section of the code provides that an action like this may be brought to subject to the payment of a judgment, when there is not sufficient other property, " any claims, or choses in action due or to become due, to the judgment ' debtor, and all money, goods and effects, which he may have in the hands of any person, body politic or corporate." There is no discussion of the authorities nor examination of the principles involved in the decision. Undue prominence is also given to the words " any claims " and " any person," etc., but the impolicy of requiring a public corporation, created for purposes of government, to spend the money raised by taxation and the time of its officers in expensive and vexatious litigation, in which the corporation has no interest, is not discussed. It is assumed that the same principles govern individuals and public corporations. Sec. 532 of our code is substantially a copy of sec. 458 of the code of Ohio, but we cannot give our assent to the doctrine of *Newark v. Funk*, and, so far as our examination extends, we have found no case citing it with approval.

In the case of *The People v. The Mayor of Omaha*, it is said: " The legislature did not contemplate compelling this class of corporations to stand at the bar of the various courts of the state, and participate in controversies between debtors and creditors. The public interest might suffer while the municipal authorities would be compelled

to occupy their time over contests in which the public had no interest." That language is as applicable to counties as to municipal corporations proper, and the rule that public corporations are not subject to garnishment applies to counties. *Wallace v. Lawyer*, 54 Ind., 501. *McDougal v. Hennepin Co.*, 4 Minn., 184.

The defendant does not seem to have called the attention of the district court to the contest to which he was a party, for the delivery of this county warrant, and his conduct to some extent has the appearance of collusion. But as he was not subject to process of garnishment it was his duty to deliver the warrant to the party entitled to the possession of the same. As he has disabled himself from performing this duty, by delivering such warrant to a party not entitled to it, he is required to pay to the clerk of this court for the use of the relator, within twenty days from the time of service of this opinion upon him, the value of such warrant, with interest from Nov. 16th, 1881, and to pay the ordinary costs of the action.

JUDGMENT ACCORDINGLY.