H. SWITZER v. THE CITY OF WELLINGTON.

CITY, *not to be Garnished.* A city of the second class cannot be required to answer as garnishee, and is not liable under § 54a, chapter 81, Compiled Laws of 1879.

*Error from Sumner District Court.*

ON April 3, 1886, judgment was rendered for the defendant *City.* The plaintiff *Switzer* brings the case here. The material facts are stated in the opinion.

*Jno. M. Graham,* and *Isaac G. Reed,* for plaintiff in error.

*W. H. Stafflebach,* city attorney, and *Lawrence & Ferguson,* for defendant in error.

Opinion by HOLT, C.: On January 8, 1883, H. Switzer, the plaintiff in error, brought an action in justice's court against James Cronin, and recovered judgment by confession, on the 13th day of January; at the same time he served a garnishee process upon P. A. Wood, mayor of the city of Wellington. Upon the 22d of January the mayor answered under oath that the city was indebted to James Cronin in the sum of $45.88. The city failing to pay this amount, the plaintiff brought this action to recover it. Judgment was rendered for the defendant in justice's court, and the case was taken to the Sumner district court on error, where the judgment was reversed, and the case held for trial in said court; upon trial, judgment was again rendered for defendant.

It appears that the city of Wellington was indebted to Cronin on a contract for work upon the streets, but it was agreed in open court that the only question sought to be presented here should be whether or not a municipal corporation should be required to answer as a garnishee in justice's court. The plaintiff contends that § 54a, chapter 81, Compiled Laws of 1879, authorizes such a proceeding. It is as follows:

"That in all personal actions arising upon contract before justices of the peace, if the plaintiff, his agent or attorney

shall file with the justice at the time of or after the commence-
ment of suit, an affidavit stating that he has good reason to
believe, and does believe, that any corporation or person to be
named, and within the county where the action is brought, has
property, money, goods, chattels, credits and effects in his hands,
or under his contract [control], belonging to the defendant, or
that such corporation or person is anywise indebted to the
principal defendant, whether such indebtedness be due or not,
that the principal defendant (naming him) is justly indebted
to the plaintiff in a given amount over and above all legal set-
off, and that the plaintiff has good reason to and does believe
that he will lose the same unless a garnishee summons issue
to the aforesaid person, a garnishee summons shall be issued
and personally served, in the same manner as an ordinary
summons, and from the time of such service the garnishee
shall stand liable to the plaintiff for all property, money and
articles in his hands or due from him to the defendant."

It is contended that the phrase "any person or corporation"
includes a city of the second class; that the term "corpora-
tion" is used without limitation, and embraces not only private
but public corporations. We think that the term "corpora-
tion" as used in this section has reference solely to private
corporations organized for private purposes, and that it does
not include municipal corporations. Cities are a part of the
government, and should not be required to become involved
in litigation in which they have no interest. This exemption
from garnishee process is based entirely upon the ground of
public policy. The reasons given by different courts are
numerous; among others, that it would impair the usefulness
and power of such corporations in the discharge of their func-
tions; it would draw cities into litigation and occupy the time
of their officers in expensive and vexatious suits in which they
had no interest, and would compel them to expend the money
of the people and the time of their officials on a matter wholly
foreign to their creation; it might impede public improve-
ments and the execution of contracts in which the public would
be interested. In *Merwin v. City of Chicago*, 45 Ill. 133, the
court says:

"But in our opinion the city should not be subjected to this
species of litigation, no matter what may be the character of

its indebtedness. If we hold it must answer in all cases, and the exemption from liability be allowed to depend in each case upon the character of the indebtedness, we still leave it liable to a vast amount of litigation in which it has no interest, and obliged to spend the money of the people and the time of its officials in the management of matters wholly foreign to the object of its creation. A municipal corporation cannot be properly turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and cannot be required to consume the time of its officers or the money in its treasury in defending suits, in order that one private individual may the better collect a demand due from another. A private corporation must assume the same duties and liabilities as private individuals, since it is created for private purposes. But a municipal corporation is a part of the government. Its powers are held as a trust for the common good. It should be permitted to act only with reference to that object, and should not be subjugated to duties, liabilities or expenditures, merely to promote private interest or private convenience."

(*Wallace v. Sawyer,* 54 Ind. 501; *McDougal v. Hennepin Co.,* 4 Minn. 184; *The State v. Eberly,* 12 Neb. 616; *Hawthorne v. City of St. Louis,* 11 Mo. 59; *Erie v. Knapp,* 29 Pa. St. 173; *Mayor &c. of Mobile v. Rowland,* 26 Ala. 498; *Mayor of Baltimore v. Root,* 8 Md. 95; *Burnham v. City of Fond du Lac,* 15 Wis. 193; *Buffin v. City of Racine,* 26 id. 449; *School District v. Gage,* 39 Mich. 484; *McLellen v. Young,* 54 Ga. 399; Drake on Attachment, §516; Wade on Attachment, §§345 and 419; Waples on Attachment and Garnishment, pp. 236, *et seq.* See also *McCubbin v. City of Atchison,* 12 Kas. 166, and notes of reporter, pp. 169, 170.)

The authorities are not entirely uniform. Contra: *City of Newark v. Funk,* 15 Ohio St. 462, in which the court held that a municipal corporation could be garnished. The statute of Ohio provides that "any claims, or choses in action due, or to become due," to the judgment debtor, and all "money, goods or effects" which he may have in the hands of "any person, body politic or corporate," may be made subject to the payment of a judgment. (Also, see *Wilson v. Lewis,* 10 R. I. 285;

*Bray v. Town of Wallingford,* 20 Conn. 416; *Adams v. Taylor,* 121 Mass. 380.)

Plaintiff contends if this were the ordinary and fair interpretation of § 54*a,* the defendant has waived it by the answer of the mayor to the garnishee process, and cites *Clapp v. Walker,* 25 Iowa, 315. That authority is not applicable in this case. That action was brought against a school district, and the district admitted an indebtedness for a part of the amount claimed, and denied its indebtedness for any greater sum; a trial was had and the verdict set aside, and after the evidence was all introduced in the second trial, the court was asked to instruct the jury that a municipal corporation could not be garnished, and therefore was not liable.

In the action of Switzer *v.* Cronin, the mayor in response to a garnishee summons, answered simply that the city was owing Cronin $45.88. When this action was brought against the city it denied its liability at once, and has contested this action on the ground that being a municipal corporation it was not answerable to Switzer for any amount it might be owing Cronin.

The plaintiff calls our attention to § 102, ch. 18, Compiled Laws, relating to cities of the first class, which is:

"Lands, houses, moneys, debts due the city, and property and assets of every description belonging to any city under this act, shall be exempt from taxation, execution and sale, and such cities shall not be required to answer as garnishee in any action."

And also to § 104, ch. 19, relating to cities of the second class, as follows:

"All lands, houses, moneys, debts due the city, and property and assets of every description belonging to any city or municipal corporation . . . shall be exempt from taxation."

The plaintiff contends that because the clause "and such cities shall not be required to answer as garnishee in any action" is omitted in § 104 of ch. 19, it was intended that cities of the second class should be required to answer as garnishee,

and that under the ordinary rules of construction cities of the first class only were intended to be exempt. We concede the force of this argument, but it does not necessarily follow because it was inserted in the law governing cities of the first class, that the rule would have been otherwise if it had been left out. The acts relating to cities of the first and second class were enacted at different times; the one concerning cities of the second class in 1872, and the other in 1881. We cannot say that the omission from the earlier act was intentional. We believe the rule to be that, before a city is required to answer in garnishee proceedings, there must be an express provision of the statute compelling it to do so. This being the law, its omission would not justify the inference of plaintiff.

The rule of construction contended for by plaintiff is not clearly applicable to the statutes cited and compared, and we think such construction should yield to the more important question of public policy, and that no city, without an express provision of the statutes, should be drawn into litigation in which it has no interest, and wholly foreign to the purposes of its creation, and the money of the people expended and the time of its officials devoted to matters of no public interest or benefit.

We therefore recommend that the decision of the court below be affirmed.

By the Court: It is so ordered.

HORTON, C. J., and JOHNSTON, J., concurring.

VALENTINE, J., dissenting.