[No. 2207. Decided May 18, 1896.]

THE STATE OF WASHINGTON, *on the Relation of J. Summerfield, Appellant*, v. HORACE W. TYLER, *Auditor of Spokane County, Respondent*.

GARNISHMENT — LIABILITY OF COUNTY TO PROCESS — COLLATERAL ATTACK.

A judgment against a county as garnishee defendant is void on collateral attack, when the statutes do not make a county subject to garnishee process.

A county is not liable to garnishment unless made so by express statutory provision.

The fact that corporations are named by statute as among those upon whom process in garnishment may be served does not apply to municipal corporations, unless they are expressly included.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge.  Affirmed.

*Samuel R. Stern*, for appellant.

*J. W. Feighan*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—By this proceeding relator sought to compel the payment of a judgment against Spokane county.  Such proceedings were had and such a showing made as to entitle relator to the relief sought if the judgment was such that it could be enforced against the county.  Such judgment was rendered more than a year before the commencement of this proceeding and was so rendered in the superior court for Spokane county, and no appeal had been prosecuted therefrom.  It follows that any error which may have been committed by the court in which such judgment was rendered in the action would constitute no defense to this proceeding unless the error was of such a na-

ture as to render the judgment void. Appellant might safely concede that error was committed in the rendition of the judgment and yet be entitled to the relief prayed for. The only ground on which the respondent could successfully defend was that the judgment was absolutely void for want of jurisdiction.

It is not claimed but that process was regularly served in the action in which such judgment was rendered. Hence, if the complaint was such as to give the court jurisdiction of subject matter which under any circumstances could be the foundation of a judgment against the county, it must follow that jurisdiction of the subject matter and of the person of the defendant had been obtained in the action in which the judgment was rendered and that for that reason it was not void but, at most, simply voidable.

It appeared from the papers, as well as from the process served upon the county in the action in which the judgment was rendered, that it was sought to charge the county by garnishee process as a debtor of the principal defendant in the action, and it is claimed on the part of the respondent that there is no power in any court to render a judgment against a county as garnishee defendant. The appellant contends that a county is subject to garnishment the same as a private corporation, and that, if it is not, the judgment rendered against it was only erroneous and not void; that, the subject of garnishment being within the jurisdiction of the superior court, it had jurisdiction of the subject matter, and, having obtained jurisdiction of the person of the county by the service of process, had such jurisdiction of the subject matter and of the person of the respondent as to authorize it to enter a judgment.

It is familiar law that a judgment rendered in an

action in which a court has jurisdiction of the person
upon a complaint which does not state a cause of ac-
tion is not void but simply erroneous, and it is upon
this principle that the contention of the appellant,
that the judgment in question is not void, is founded.
But, in our opinion, if the county was not subject
to garnishee process, the complaint in the action in
which the judgment in question was rendered not
only failed to state a cause of action, but affirmatively
showed that no judgment could be rendered thereon
against the county. It must be conceded that if,
under the legislation of the state, the county could
not be sued at all, a judgment rendered against it
would be absolutely void, and, in our opinion, a
judgment will be equally void which was rendered
in a proceeding to which the county could not under
the law be made a party. If the process served upon
the county was one which was not authorized by the
statute, no rights could be obtained by such service.
If it commanded the county to do that which under
the statute it had no right to do, it was without force.
It follows that, in our opinion, the court had no juris-
diction of any subject matter which could authorize
a judgment against the county, and likewise had no
such jurisdiction of the person of the county as to
authorize the entry of judgment against it if the
county was not subject to garnishment. If on the
other hand it was subject to garnishment, the claim
that the judgment was void by reason of the fact that
the particular debt which was sought to be reached
was not subject to garnishment cannot be sustained.
Such a fact might be sufficient to show that the court
committed error in the rendition of the judgment,
but would not be sufficient to show that it acted with-
out jurisdiction in so doing. It follows that the ma-

terial question is as to whether or not a county is under our statute subject to garnishment.

This is an important question and has been elaborately argued by counsel. The authorities upon the subject are not entirely uniform, but from the cases cited in the briefs and from such other cases as we have been enabled to examine, we are satisfied that an overwhelming weight of authority is in favor of the proposition that counties are not subject to garnishment. ·It is held that a county is organized for public purposes and should not be made the instrument by the aid of which to obtain private ends; that public policy will not permit the business of such a corporation to be interfered with by private parties in the pursuit of their own private objects; that for these and other reasons such corporations are not subject to this process unless the legislature has by express enactment so provided; that the intention of the legislature to so provide will not be inferred from the fact that it has authorized such corporations to be sued, nor from the fact that it is provided in the act relating to garnishment that corporations are subject thereto.

The reasons above outlined were well stated by Mr. Justice LAWRENCE in delivering the opinion of the court in the case of *Merwin v. City of Chicago*, 45 Ill. 133 (92 Am. Dec. 204), in which that learned judge made use of the following language:

"A large and growing city like Chicago must constantly have hundreds of persons in its employment, and if the city cannot, at short intervals, make a settlement of these multitudinous accounts, but is liable to be drawn into court at the suit of every creditor of its numerous employees, it will not only be engaged in much expensive and vexatious litigation, in which it has no interest; but, if unable to safely pay its em-

ployees and contractors, it may lose the services of persons that may be of much value.    We understand, however, the counsel for the appellant to concede that money due municipal officers, agents or contractors is not liable to garnishment, but, it is insisted, if the city had been required to answer, the alleged indebtedness in the present case, would not have fallen in either of these classes.    But, in our opinion, the city should not be subjected to this species of litigation, no matter what may be the character of its indebtedness.    If we hold it must answer in all these cases, and the exemption from liability be allowed to depend in each case upon the character of the indebtedness, we still leave it liable to a vast amount of litigation in which it has no interest, and obliged to spend the money of the people and the time of its officials in the management of matters wholly foreign to the object of its creation.    A municipal corporation cannot be properly turned into an instrument or agency for the collection of private debts.    It exists simply for the public welfare, and cannot be required to consume the time of its officers or the money in its treasury in defending suits, in order that one private individual may the better collect a demand due from another.    A private corporation must assume the same duties and liabilities as private individuals, since it is created for private purposes. But a municipal corporation is a part of the government.    Its powers are held as a trust for the common good.    It should be permitted to act only with reference to that object and should not be subjected to duties, liabilities or expenditures, merely to promote private interest or private convenience."

If what was said in this case was true as to a strictly municipal corporation like a city, it is much more true as to a *quasi* municipal corporation such as a county, for the reason that the latter is an involuntary corporation organized exclusively in the interest of the public and as an agency of the state, while the former may be held to be organized in some sense for the private benefit of its inhabitants.

To a like effect and founded upon substantially the same course of reasoning are the following cases: *Switzer v. City of Wellington*, 40 Kan. 250 (10 Am. St. 196, 19 Pac. 620); *Wallace v. Lawyer*, 54 Ind. 501 (23 Am. Rep. 661); *McDougal v. Hennepin County*, 4 Minn. 184; *State v. Eberly*, 12 Neb. 616 (12 N. W. 96); *Hawthorn v. City of St. Louis*, 11 Mo. 59 (47 Am. Dec. 141); *Erie v. Knapp*, 29 Pa. St. 173; *Mayor, etc., of Mobile v. Rowland*, 26 Ala. 498; *Mayor of Baltimore v. Root*, 8 Md. 95 (63 Am. Dec. 692); *Burnham v. City of Fond du Lac*, 15 Wis. 193 (82 Am. Dec. 668); *Buffham v. City of Racine*, 26 Wis. 449; *School Dist. v. Gage*, 39 Mich. 484 (33 Am. Rep. 421); *McLellan v. Young*, 54 Ga. 399 (21 Am. Rep. 276); *Merrell v. Campbell*, 49 Wis. 535 (35 Am. Rep. 785, 5 N. W. 912).

In his reply brief counsel for appellant has sought to show that some of these cases are not in point by reason of the fact that they were decided upon appeal from judgments holding municipal corporations liable, and were therefore rightfully decided even though the lower court had jurisdiction to render the judgments, if such judgments were erroneous. But the language of the opinions in the cases thus referred to clearly shows that such corporations were not subject to garnishment at all, and that by reason of this fact they were under no obligation to answer when served with garnishee process.

The case of *Merwin v. Chicago, supra,* is a fair representative of this class, for while the questions therein were raised upon appeal, the action of the lower court in dismissing the city without requiring it to answer was sustained, and this could only have been done upon the theory that the fact that it was such city was sufficient to excuse it from answering, and this could only have been so by reason of the fact

that under no circumstances was it liable in such a proceeding; for, if it was liable at all, it would have been necessary for it to have made a showing before it was entitled to be discharged.

Appellant has attempted to show that other cases are not in point by reason of the fact that their decision depended upon the statutes of the state in which they were rendered, but a careful comparison of the statutes of such states with ours clearly shows that in most, if not all, of them the provisions are such that they would better authorize a holding that municipal corporations were liable to garnishment than would the provisions of our statute. In all of them there is as broad a provision as to suing and being sued, and the acts providing for garnishee or trustee process cover corporations in language which would better authorize the inclusion of those for municipal purposes than does the language in our statute.

Under all of the authorities we are satisfied that the law is and should be that municipal corporations, and especially counties, are not liable to garnishment unless made so by express statutory provision, and that such statutory provision does not exist by reason of the fact that corporations are named as among those upon whom process in garnishment may be served unless municipal corporations are expressly provided for.

It follows that the judgment sought to be enforced in this proceeding was void and that the action of the superior court in refusing the relief sought must be affirmed.

DUNBAR, ANDERS and GORDON, JJ., concur.