CEDAR COUNTY, Respondent, *v.* A. W. JOHNSON *et al.*, Appellants.

1. *Counties — School funds — Bonds — Sureties — Construction of statute.*— Sections 1 and 2 of the statute relating to sureties (Wagn. Stat. 1302) do not apply to bonds given a county for the use of one of its townships, for school moneys; and it is not necessary, in order to hold sureties liable on such bonds, that suits should be brought against their principals within thirty days after notice given to the county to take that step. The term "person," as used in section 1, does not include counties, notwithstanding the provisions of the act on construction of statutes (Wagn. Stat. 887, § 4). Counties are not properly bodies corporate as contemplated by that section. Furthermore, counties are not the parties to bring suit, as they have no interest in the school funds. The fact that the bonds for the moneys loaned are made payable to the county gives it no right of action founded upon them.

*Appeal from Cedar Circuit Court.*

*Chandler & Buller,* for appellants.

The county, being a *quasi* corporation, is included in the general term "person" (Wagn. Stat. 1302, § 1) unless expressly excepted. (Dunklin County Court v. Dunklin County, 23 Mo. 449.)

The classes of bonds which are excepted from the operation of the first section are expressly enumerated in the fourth, which shows that the attention of the Legislature was directed to the object, and they did not see proper to include bonds given to counties, for the use of school townships, in those exceptions. (Ætna Ins. Co. v. Monaghan, 38 Mo. 432.)

*J. P. Tracy*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The defendants were sued in attachment upon a bond given by them, Johnson being principal, and Blake and Sherrell as sureties, to plaintiff for the use of one of its school townships. One of the sureties sets up as a defense that he gave the judges of the County Court notice in writing to commence suit against the principal according to the statute, and that such suit was not commenced within thirty days thereafter. The court held it to be no defense to the action, and this is the error assigned.

Section 1 (Wagn. Stat. 1302) of the act provides that any person bound as surety, etc., may require, in writing, the person having the right of action forthwith to commence suit against the principal; and section 2 provides that if it be not so commenced within thirty days he shall be exonerated. Does this section apply to bonds due the State and county when the duty to bring suit devolves upon these officers? The affirmative is claimed by the counsel, so far as the bonds for school moneys are concerned, because they are not included in the exception made by section 4 of the act.

As to the bonds mentioned in section 4, the persons having the right of action are private persons or corporations, although the bonds may be given nominally to the State. It was necessary, then, to expressly exclude them from the operation of the first section. But bonds due the State or county for a public object are of a different character. No person has any special interest in this collection, and one who becomes a surety on such public bonds must hold himself ready to pay it if the principal fails. If he fears his insolvency he should pay the obligation and collect

Cedar County v. Johnson et al.

it, if he can, of his principal; but he will not be discharged on account of the neglect of public officers.

Appellants claim that the phrase " person having such right of action " includes counties, because of the provision in section 4 of article II, upon the construction of statutes (Wagn. Stat. 887), that the term " party or person " shall include bodies corporate. They are not even municipal corporations, although called *quasi* corporations, because they have a semi-corporate organization. They are political divisions of the State, with certain officers upon whom the law imposes specific local duties in furtherance of the ends of government. I have never known a case in this State, or elsewhere, in which counties or townships have been included in the term " bodies corporate," or any term of like import. (See State v. County Court of St. Louis County, 34 Mo. 546; Barton County v. Walser, 47 Mo. 189.)

Even if the county could be called a body corporate, it has no interest in the school funds. They are not the property of the county and cannot be applied to any county use. The county is made the nominal payee of the bonds given for school moneys, but not for the use of the county, or any of its political or municipal subdivisions, but only for that of the people of the geographical townships organized into school districts; it is they, and not the county, that are severally interested in these bonds, and yet without the power to enforce their collection. The County Court, it is true, has the custody of these school funds, yet not for the county, but for the people of these several districts. The court is so far not a county agent, and the fact that the bonds for the moneys loaned are made payable to the county gives it no interest in them, or any " right of action " founded upon them. The person having the right of action is the individual or body corporate directly interested in the collection of the instrument, and who has the power of entering suit, and the statute does not refer to obligations given for public uses.

The other judges concurring, the judgment will be affirmed.