------o------

Jasper County, Respondent, *vs.* H. W. Shanks, *et al.*, Appellants.

1. *Bond given for use of swamp land fund—Notice by surety to sue on—Statute, construction of.*—The surety on a bond given to a county for the use and benefit of the fund arising from the sale of swamp lands in the county, cannot exonerate himself from liability by notifying the county to sue on the bond. The statute (Wagn. Stat., 1302, § 1) has no reference to obligations given for public uses.

*Appeal from Jasper County Court of Common Pleas.*

Geo. T. White. with G. W. Crow, for Appellants, cited Wagn. Stat., 1246, § 19; Callaway Co. vs. Nolley, 31 Mo.,

397 ; Ray Co. vs. Bentley, 29 Mo., 236 ; Cedar Co. vs. Johnson, 50 Mo., 227 ; 13 Wall., 304 ; Wagn. Stat., 887, § 4 ; St. Charles vs Powell, 22 Mo., 525 ; Wagn. Stat., 408, §§ 5, 6 ; Id., 887, §§ 3, 4 and 5 ; Id., 1010, § 23 ; Id., 1246, § 19.

*A. L. Thomas & W. H. Phelps*, for Respondent, relied on Cedar County vs. Johnson, 50. Mo., 225.

SHERWOOD, Judge, delivered the opinion of the court.

The defendant, Shanks, was the principal, and the defendant, Ogden, was the surety in a certain bond executed by them to Jasper county, for the use and benefit of the fund arising from the sale of swamp lands in that county, and this action is brought for the collection of that bond.

### I.

The defendant, Ogden, could not exonerate himself from his liability as the surety of his principal, Shanks, by giving notice to the county in writing to bring suit on the bond. This point was expressly passed upon in Cedar County vs. Johnson et al. (50 Mo., 225), and the conclusion reached that the act respecting sureties and their exoneration ( Wagn. Stat., 1302), has no application to cases of this character, and " does not refer to obligations given for public uses."

### II.

The parol evidence offered by the surety to show that the property mortgaged by Shanks, to secure the debt due on the bond, had been sold under forclosure, and that one Burch had become the purchaser of the mortgaged property at a price sufficient to pay the debt, was properly rejected. It was not shown that the sale was a valid one ; that it was made during the session of the proper court, or that it was ever completed, or the money bid thereat paid. Under such circumstances there was no tendency whatever in the excluded evidence to support the defendant's plea of payment.

Judgment affirmed.   All the other judges concur.