JOHNSON COUNTY v. GILKESON *et al., Appellants.*

**Principal and Surety**: COUNTY SCHOOL FUNDS. The sureties in a bond given to the county to secure the payment of public school funds, will not be exonerated from liability on the bond by failure of the county officers to enforce the obligation against the principal when required by the sureties.

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

Thirty days is the time fixed by statute within which the obligee in a bond, bill or note must proceed to enforce his demand against the principal obligor when so required by the surety. R. S., §§ 3896, 3897.

*John J. Cockrell* for appellants.

*Wm. H. Brinker* for respondent.

NAPTON, J.—This was a suit against Gilkeson and Brammer, securities for one Swan on a bond given the county for the use of school township number 44, range 28, in 1866. The defense on the part of Brammer was, that he gave notice to the plaintiff to sue or to foreclose a mortgage on Swan's property, and by reason of the neglect of the county to do either within the thirty days after the notice, the debt was lost so far as the principal was concerned by his insolvency after the notice. Another defense was, that the name of Eads, another security on the bond when it was signed, had been erased. In regard to this last defense the court found, as a matter of fact, that it was not true, and the evidence authorized the finding. And the only question here is as to the first defense. As this court has already decided this question in two cases, (*Cedar Co. v. Johnson*, 50 Mo. 225, and *Jasper Co. v. Shanks*, 61 Mo. 332,) it is useless to look into the long list of authorities else-

where cited by the counsel for appellant. Whether this right claimed here is under our statute or at common law, the result is the same, since the court has declared that " one who becomes a surety on such public bonds must hold himself ready to pay it, if the principal fails; and if he fears his insolvency, he should pay the obligation and collect it, if he can, of his principal; but he will not be discharged on account of the neglect of public officers." Judgment affirmed. The other judges concur.