SMITH *v.* ———

*It would seem,* that a quarter's salary due to a defendant on a certain day can be secured under a judgment creditor's bill filed on that day, notwithstanding the defendant, a few days before, had filed his petition in bankruptcy. But, however this may be, he, himself, cannot take the point by a plea—it is the province of his assignee.

JUDGMENT CREDITOR'S BILL.

THE defendant was a judge of one of the courts of the city of New York ; and the bill was filed on the first day of November one thousand eight hundred and forty-four, on which day a quarter's salary for services as judge became due to the defendant. A few days before (and when, as it will be seen, the salary was not due) the defendant had filed his petition in bankruptcy ; and he now set it up by a plea, as follows :

This defendant by protestation not confessing or acknowledging all or any of the matters or things in the said com-

*Margin notes:*

1845.

SMITH
*v.*
———.

*May* 28, 1845.

*Debtor and Creditor. Judgment Creditor's Bill. Pleadings. Plea. Bankrupt.*

plainant's bill of complaint contained to be true, in such manner and form as the same are therein set forth and alleged, as to all the discovery and relief thereby sought for, from, or prayed against this defendant, this defendant by leave of the court first had and obtained doth plead thereto, and for plea saith, that he, this defendant, before and on the twenty-ninth day of October in the year one thousand eight hundred and forty-two, was and thence continuing until and at the time of the decree of bankruptcy and discharge from his debts as a bankrupt hereinafter mentioned, continually hath been a resident in the city of New York in the southern district of the State of New York, in the second judicial district of the United States of America. And this defendant so being such resident at the time herein first mentioned was owing debts which were not created in consequence of a defalcation as a public officer, or as executor or administrator, guardian or trustee or while acting in any other fiduciary capacity and was unable to meet his debts and engagements and was a bankrupt within the true intent and meaning of the act of Congress entitled " An act to establish a uniform system of bankruptcy throughout the United States," passed the 19th of August 1841. And this defendant so being such bankrupt as aforesaid, afterwards and after the recovery of the judgment in the complainant's bill of complaint mentioned and after the act of Congress aforesaid went into effect and before the complainant's bill of complaint in this cause was filed, to wit, on the 29th day of October 1842, pursuant to the provisions of said act, did present to and file in the district court of the United States for the said southern district of New York his petition, setting forth, to the best of his knowledge and belief, a list of his creditors, their respective places of residence and the amount due to each, together with an accurate inventory of his property, rights and credits of every name, kind and description and the location and situation of each and every parcel and portion thereof and in said petition did declare himself to be unable to meet his debts and engagements, which said petition was duly verified by the oath of the petitioner, this defendant. And this defendant did apply to the said district court for the benefit of the said act of congress aforesaid (in such case provided)

by a full discharge from all his debts. And this defendant further, in fact, saith that, upon and after the filing of such petition as aforesaid, due notice thereof and of the intended hearing thereof before the said district court at the city of New York on the first day of December in the year 1842 was published in the Morning Courier and New York Enquirer, the New York Standard and in the New York Commercial Advertiser, three of the public newspapers printed in the said district, (for that purpose designated by the said district court) at least twenty days before such last mentioned day, and that, at such last mentioned day and place, the said petition came on to be heard before the honorable Samuel R. Betts, district judge of the United States for the said southern district of New York. And such proceedings were thereupon had in said court before the said district judge that afterwards, to wit, on the tenth day of December 1842, by the decree of the said district court in that behalf, then and there made upon the said petition and duly entered of record in the same court, according to the provisions of the said act, this defendant was declared to have become and to be a bankrupt within and according to the true intent and meaning of the act of Congress aforesaid, which said decree remains in full force and effect, not reversed, avoided or in any manner vacated or impaired, as by the said decree still remaining of record in the said district court, before the aforesaid judge thereof, may more fully and at large appear. And the defendant in fact further saith that William C. H. Waddell, at the time of the aforesaid decree, was and from thenceforth hath been and now is, by the appointment of the said district court, the official or general assignee in bankruptcy appointed and designated under the rules and regulations of said district court and no special or other assignee was or hath been appointed assignee of the property and rights of property of this defendant. And the said property and rights of property of this defendant of every name and nature, whether real, personal or mixed (except as in the act is provided and excepted) did, by the decree aforesaid, by operation of law, *ipso facto*, from the time of such decree, become divested out of this defendant and the same became vested by force of said decree in the said William C. H. Waddell so

being the general assignee as aforesaid. And the defendant in fact further saith that, after the making of the decree aforesaid, to wit, on the twenty-first day of November in the year one thousand eight hundred and forty-four, at the city of New York, he, the said defendant, presented to the said district court a petition praying to be discharged in full from all his debts and for a certificate of such discharge, as by the said last mentioned petition now being and remaining of and in the said court, at the city of New York aforesaid, will more fully and at large appear. And this defendant in fact further saith that, after the aforesaid decree and after the presentation of the said last mentioned petition, such further proceedings were had in the said district courts aforesaid at the city of New York, according to the provisions of the act of Congress aforesaid and to the rules and practice of the said district court, that afterwards, to wit, at a district court of the United States of America held for the southern district of New York at the city hall of the city of New York, to wit, on Saturday the 8th day of February in the year 1845, before the Honorable Samuel R. Betts, district judge, the matter of C. D., a bankrupt (being the defendant in this suit) came on to be heard and upon such hearing a decree of the said court was duly made in the matter and of the tenor and effect following, to wit: C. D., of the city of New York, counsellor at law, a bankrupt, having filed a petition praying to be discharged in full from all his debts and for a certificate of such discharge pursuant to the act of Congress, entitled " An act to establish a uniform system of bankruptcy throughout the United States," passed August 19th, 1841. And it appearing to the court, upon the said petition and the report of the clerk and assignee accompanying the same, that the said bankrupt has *bona fide* surrendered all his property and rights of property (with the exception of such articles as were designated and set apart by the assignee) that the said bankrupt has fully complied with and obeyed all the orders and directions which have from time to time been passed by this court and has otherwise conformed to all the requisites of the said act and that no written dissent to such discharge has been filed by a majority in number and value of his creditors who have proved their debts and no cause

being now shown to the court why the prayer of the petitioner be not granted, it is ordered, decreed and allowed by the court that the said C. D. be and he accordingly hereby is fully discharged of and from all his debts proveable under the said act and owing by him at the time of the presentation of his petition to be declared a bankrupt. And it is further ordered that the clerk duly certify this decree under the seal of this court and deliver the same to the said bankrupt when demanded—which said decree remains in full force and effect, not reversed, avoided or in any manner vacated or impaired, as by the said decree still remaining of record in the said district court before the aforesaid judge thereof as by the certificate thereof under the seal of said court and now in the possession of this defendant ready to be produced as this honorable court shall direct. And the defendant in fact further saith that, before the granting of said discharge and certificate, he, the said defendant, did *bona fide* surrender all his property and rights of property, with the exception of such articles as were designated and set apart by the assignee for the use of the bankrupt according to the provisions of the said act of congress and did fully comply with and obey all orders and directions which were from time to time passed by the said court touching the matters of his said petition and did otherwise conform to all the requisitions of the said act and that no written dissent to the discharge of the said defendant was filed by a majority in number and value of his creditors who have proved their debts and that no cause was shown to the said court why a discharge and the certificate thereof should not be granted although notice to the creditors of the said defendant and other persons in interest to appear and show cause against the granting of the same was duly given pursuant to the said act and the rules and practice of said court.

And this defendant further saith that the judgment recovered by the said complainants and in the said bill of complaint mentioned is and was for and recovered upon a debt contracted by this defendant prior to the presentation of the aforesaid first petition of the said defendant and the said judgment with all moneys due thereon was a debt provable

VOL. IV.—83

1845.

SMITH
*v.*

1845.

SMITH
v.
———.

under the aforesaid act of Congress and under the decree of bankruptcy aforesaid.

And this defendant further saith that the said bill of complaint of the said complainant was filed and the said suit commenced thereby in the court of chancery, to wit, on the first day of November in the year one thousand eight hundred and forty-two, the day when the quarter's salary of this defendant in the complainant's bill mentioned became due and payable and after the filing of this defendant's petition in bankruptcy as aforesaid. And this defendant doth aver the truth of and doth plead the matters aforesaid in bar of the whole of complainant's said bill of complaint and of and to all relief and discovery thereby sought and he prays the judgment of this honorable court whether he should be compelled to make any further answer to the said bill of complaint; and he prays to be hence dismissed with his reasonable costs and charges in this behalf most wrongfully sustained.

The plea now came on for argument.

Mr. *P. S. Crooke*, in support of the plea, cited *Browning* v. *Bettis*, 8 Paige's C. R. 568; 26 vol. of the London Law Magazine, 350; and *Flarty* v. *Odlum*, 3 Durn. & East, 681.

Mr. *De Witt*, for the complainant.

THE VICE-CHANCELLOR :—The plea in this case is a good plea to show that the defendant is personally exonerated and discharged from the debt and the judgment.

But that is not the question. The question is, whether it is a good plea to exonerate the particular fund or sum of money which it was the object of the bill and injunction in this cause to reach and have applied to the complainant's judgment. By filing the bill on the first day of November, the complainant acquired a lien in equity upon the money. It was a quarter's salary which had then been earned and become due and payable and, as such, was liable to this creditor within the principle recognized in *Browning* v. *Bettis ;* and a judgment creditor, having acquired this equi-

table lien, cannot be divested of it by the debtor's subsequent proceedings in bankruptcy. This point I understand to be conceded by decisions made in the United States Court.(a) True, in this case the defendant's petition in bankruptcy was filed two or three days before this bill was filed : but the filing of the petition did not divest the petitioner of his property and right of property. It is "from the time of the decree" declaring him a bankrupt that he is to be deemed divested of his property and the assignee to be vested with it : § 3 of the bankrupt law. I see nothing in this law to favor the doctrine of rotation to the time of committing an act of bankruptcy or of filing the petition so as to defeat the claim of the judgment creditor under circumstances like the present.

However, if this creditor's claim is to be overreached on such ground, the general assignee, in whom the property and right of property is vested, is the person to take measures for that purpose and not the debtor who can no longer have any interest in the question whether the fund shall go to a particular creditor or be distributed among all the creditors. Considering the nature and object of this bill, being rather a proceeding *in rem* than *in personam*, it seems to me that the plea is wrong in attempting to meet the whole bill, when the effect of it is only to exonerate the defendant from any further personal liability.

It must, therefore, be overruled, with costs—giving leave to the defendant to set up the same matter in an answer.

(a) See Conkling, J., in *The matter of Allen*, 5 Law Reporter, 362.