## Township of East Oakland *v.* Skinner.

1. This court concurs in opinion with the Supreme Court of Illinois, that the fifth section of the act of the general assembly of that State, approved Feb. 18, 1861, conferred no authority upon a municipal corporation to subscribe to the capital stock of the Paris and Decatur Railroad Company.

2. The township of East Oakland subscribed to that capital stock without being thereunto authorized, and its bonds, bearing date April 20, 1871, and reciting that they are issued in payment of such subscription, are void.

8. Where there is a total want of authority to issue municipal bonds, there can be no *bona fide* holding of them.

Error to the Circuit Court of the United States for the Southern District of Illinois.

This was an action of assumpsit on fifty-four coupons cut from certain bonds issued by the township of East Oakland, Ill., in payment of its subscription of $75,000 to the capital stock of the Paris and Decatur Railroad Company.

The election authorizing the subscription was held Feb. 1, 1870, and the subscription made Aug. 15 of that year.   The bonds bear date April 20, 1871.   The other facts and the provisions of the statute applicable to the case are set forth in the opinion of the court.

The case was tried by the court below without a jury, and resulted in a judgment for the plaintiff for $9,207.32 and costs. The township thereupon brought the case here.

*Mr. John M. Palmer* for the plaintiff in error.

*Mr. H. S. Greene, Mr. D. T. Littler,* and *Mr. James C. Robinson, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The defendant in error brought this suit in the Circuit Court of the United States for the Southern District of Illinois against the township of East Oakland, to recover the amount of certain interest coupons issued with certain bonds by Charles Clement, supervisor, and as the agent of the said town, upon a subscription to the stock of the Paris and Decatur Railroad Company.

The Paris and Decatur Railroad Company is a corporation of the State of Illinois, organized under an act of the general assembly of said State, entitled "An Act to incorporate the Paris and Decatur Railroad Company," approved Feb. 18, 1861, with authority to construct, maintain, and operate a railroad from the town of Paris to the town of Decatur, in said State.

By the fifth section of said act it is provided that "said corporation shall cause books to be opened for subscriptions to the capital stock thereof, to be divided into shares of fifty dollars each, at such times and places as they may choose, and shall give at least thirty days' notice thereof by publication in a newspaper published in the town or city where said books may be opened; and if there be no newspaper published therein, then in the nearest newspaper thereto. It shall be lawful for all persons of lawful age, or for the agent of any corporate body, to subscribe any amount to the capital stock of said company."

It was by the authority of this section that the subscription we are considering was made, and the bonds and coupons issued in payment therefor. Did this language, "the agent of any corporate body," give power to a municipal organization to subscribe and to issue its bonds as was here done?

In the recent case of *Campbell* v. *The Paris & Decatur Railroad Co.* (not yet reported), the Supreme Court of Illinois passed upon the effect of this statute. After quoting the section as given above, the court say: "This is the only provision in the charter in reference to subscriptions by either persons or

corporations.  It confers no power on municipal corporations to subscribe for such stock.  The provision manifestly refers to private corporations when it authorizes agents to subscribe.  It does not refer to counties, cities, towns, or townships, and cannot be held to embrace them.  No power is conferred to call the election, or for the town officer to make the subscription, or to issue these or any other bonds."  We have not been furnished with a copy of this decision, but it is referred to in the briefs of both parties.  While its effect or conclusiveness is a subject of difference, the decision itself is not denied.

If the Supreme Court of a State gives construction to the language of a statute, and there have been no conflicting decisions, this court, as a general rule, follows the construction thus given.  *Township of Elmwood* v. *Marcy*, 92 U. S. 289. It is said that this decision was *ex parte*, and that the decision was given on a made-up case, — that the contest was not a real one. There is no evidence of the truth of these assertions, and we do not well see how evidence of that character could be produced to us.  If the decision is to be attacked on such grounds, the proceeding must be had before the court that made it, and upon notice to all interested.

We are, however, all of the opinion that the unreported case to which we have referred was rightly decided, and, as an original question, we concur in the opinion given by the Supreme Court of Illinois.  We think the authority to " the agent of any corporate body " to subscribe for stock in the railroad company was not intended to include, and did not include, municipal corporations.  It meant private and money-making, trading or business, corporations.  It did not intend to give authority to any township, however remote from the road, to become one of its stockholders.

A provision of the Constitution of the State of Illinois, which took effect on the second day of July, 1870, positively prohibited a subscription to the capital stock of a railroad corporation by any county, city, township, or other municipality, unless such subscription had been authorized under existing laws by a vote of the people prior to the date mentioned.

The subscription in question was made after July 2, 1870.

Had it before that date been authorized under existing laws by a vote of the people of that town ? The record shows that a vote of the people had before that time been taken; but it does not show that it was authorized by existing laws. There was no authority for submitting that question to the people; and its absence in the fifth section of the act incorporating the Paris and Decatur Company is a strong argument that municipalities were not intended to be included under the general designation of corporations.

We have held that a town cannot subscribe for stock in a railroad corporation unless it has the authority of the legislature for the act. The legislature usually requires the approval of the electors of the town, at an election for that purpose, as a condition to such subscription. Doubtless the legislature can impose or omit conditions, in its discretion. But when the sanction of a popular vote is required, it must be obtained. We are, therefore, compelled to hold that the subscription of the town of East Oakland had not been authorized under existing laws by a vote of the people prior to July 2, 1870.

We have held that there can be no *bona fide* holding where the statute did not in law authorize the issue of the bonds. The objection in such case goes to the point of power. There is an entire want of jurisdiction over the subject. It is not the case of an informality, an irregularity, fraud, or excess of authority in an authorized agent. Where there is a total want of authority to issue the bonds, there can be no such thing as a *bona fide* holding.                          *Judgment reversed*