(24 Misc. Rep. 396.)

### GRAY v. ASHLEY.

(City Court of New York, General Term. August 4, 1898.)

1. SUPPLEMENTARY PROCEEDINGS—MONEY IN HANDS OF THIRD PARTY.
   In third party supplementary proceedings, an order directing the third party to pay over a sum of money which he testified belongs to the judgment debtor, and is in the possession of the witness, is not justified where there is no evidence whether he had the money, or even whether it was due to or earned by the judgment debtor, at the commencement of the special proceeding.

2. SAME—EVIDENCE.
   The statute relating to supplementary proceedings contemplates that all the jurisdictional facts shall be proved by direct evidence of the person orally examined.

3. SAME—PAYMENT TO CREDITOR'S ATTORNEY.
An order in supplementary proceedings requiring a third party to de-
liver money in his hands must direct the delivery to be made to the sheriff
or to the receiver, and not to the judgment creditor's attorney.

4. SAME—SALARY OF POLICE OFFICER.
The principle that no third- party proceedings can be taken against a
public disbursing officer for the purpose of reaching salary in his hands,
due to a public officer, extends to a captain of police who has collected the
salary of officers in his precinct only as a matter of convenience, and as
their agent.

Appeal from special term.

Action by John A. Gray against Charles H. Ashley. From an or-
der in supplementary proceedings, defendant appeals. Reversed.

Argued before OLCOTT and SCHUCHMAN, JJ.

Martin O'Brien, for appellant.

James Cochrane, for respondent.

OLCOTT, J. This appeal is taken from an order in third party sup-
plementary proceedings, directing one Donald Grant, a captain of po-
lice of the city of New York, to pay over to a judgment creditor of
one Charles H. Ashley, a police officer under his charge, the sum of
$79.20, being the salary of said Ashley for the month of December,
1897, which Grant collected for said Ashley. The order for the
examination of Grant was obtained on December 31, 1897, and the
proceedings were commenced on that day. The order was made
returnable on January 5, 1898. On that day, Capt. Grant was ex-
amined, and testified as follows:

"I know Charles H. Ashley, the judgment debtor above named. He is a
patrolman under my charge. I collected his salary for him for the month of
December, 1897, which amounts to $79.20, which I still have in my possession.
I have no other money or property belonging to the said Charles H. Ashley."

It will be observed that he did not testify, nor was he asked,
whether he had this money, or even whether it was due to or earned
by Ashley, at the commencement of the special proceeding; and, with-
out evidence on this point, the order appealed from could not be sus-
tained.    Institute v. Cregan, 11 Civ. Proc. 87; Gerregani v. Wheel-
wright, 3 Abb. Prac. (N. S.) 264; Smith v. ———, 4 Edw. Ch. 653.
This rule has been observed so strictly that in Bank v. Beardsley, 8
Wkly. Dig. 7, it was held that, under an order granted on a certain
day, a salary which does not become payable until the close of that day
cannot be reached.

But the respondent in the proceeding at bar claims that this omis-
sion in Capt. Grant's testimony is supplied by the affidavit of the judg-
ment creditor's attorney upon which this proceeding is founded, where-
in it is deposed, "as deponent is informed by one Michael Bergen,
Donald Grant has personal property of the judgment debtor exceeding
ten dollars in value." We do not think that this hearsay evidence
(however sufficient it may have been to justify the commencement of
this proceeding) is sufficient to supply the above-noted deficiency in
Grant's testimony for the purpose of warranting the order here ap-
pealed from. The statute contemplates that all the jurisdictional
facts shall be proven by direct evidence of the person orally examined.

The order appealed from is also defective in directing the delivery of the money in the third party's hand to the judgment creditor's attorney upon his giving a receipt therefor. There is no statutory or other warrant for such an order. The payment or delivery must be made to the sheriff or to the receiver. Code Civ. Proc. § 2447; Dickinson v. Onderdonk, 18 Hun, 479; Birnbaum v. Thompson, 5 Law Bul. 30.

And a more general and equally controlling objection to the order is to be found in the principle that no third party proceedings can be taken against a public disbursing officer for the purpose of reaching salary in his hands due to a public officer; the disbursing officer in such case being trustee of the public, to hold and disburse its money intrusted to him for the specific object of paying salaries. So exhaustive a discussion of this principle is to be found in the case of Remmey v. Gedney, 1 City Ct. R. 28, approved in Waldman v. O'Donnell, 57 How. Prac. 215, that it is not necessary to do more than refer to that decision. If it be objected that the rule there laid down does not extend to a captain of police, because he is not a disbursing officer of the municipality, but collects for the officers in his precinct only as a matter of convenience and as their agent, we answer that the rule is one not for the protection of the individual, but for the public good and public policy, and that the principle applies to the salary wherever found, until, through the ordinary channels, it has actually reached the public official. This principle is generally applicable to those holding, in any public and official capacity, the official salary which is to go to a debtor. Clerks of courts and sheriffs (Drane v. McGarock, 7 Humph. 132), pursers in a navy (Buchanan v. Alexander, 4 How. 20), pension agents, and even a private person collecting under a power of attorney from the pensioner (Bank v. Dibrell, 3 Sneed, 379), have been held to be included in this exemption from garnishment.

The order appealed from should be reversed, but without costs.

SCHUCHMAN, J., concurs.