GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. T. BARNETT.

Decided November 30, 1898.

1. **Railways—Approaches to Platform—Negligence Not in Issue.**

Plaintiff, walking along a depot platform at night for the purpose of boarding the train, through insufficient light stepped off the end of the platform, there one to two feet above the ground, and fell so that his hand was run over by the train. Held, that negligence in respect to safe approaches to the platform was not in issue and was improperly submitted as a ground for recovery.

2. **Railways—Depots—Lights—Statute.**

Article 4521, Revised Statutes, applies only to the lighting, etc., of depot buildings, and not to platforms or approaches, negligence in lighting the latter being a question of fact.

APPEAL from Runnels. Tried below before Hon. J. O. WOODWARD.

*J. W. Terry* and *Chas. K. Lee,* for appellant.

*Guion & Truly,* for appellee.

KEY, ASSOCIATE JUSTICE.—On the night of January 14, 1898, appellee was at Talpa, a station on the line of appellant's railroad, for the purpose of boarding the train and traveling to Ballinger, Texas. He had procured his ticket, and when the train arrived he walked down the platform near the rear end of the train, stepped or fell from the end of the platform, got his hand caught under the train and injured. For this injury he sought to recover damages in this suit, alleging in his petition that appellant was guilty of negligence in failing to have proper approaches to its depot and in failing to properly light the depot and platform.

At the trial in the court below verdict and judgment were rendered for the plaintiff, and the railway company has appealed.

The first paragraph of the court's charge reads as follows: "It is the duty of every railroad company doing business in this State to keep in a reasonably safe condition all portions of their platforms and approaches thereto, where passengers landing from or entering the cars would naturally or ordinarily be likely to go. It is also the duty of every railroad company doing business in this State to keep its depots or passenger houses in this State lighted and open to the ingress and egress of all passengers who are entitled to go thereon, and every railroad company, for such failure to comply with the same, will be liable to the party injured for all damages by reason of such failure."

The first proposition stated in this charge is objected to on the ground that the testimony raises no such issue; and the other proposition is objected to because it, in effect, told the jury that the failure to do certain things would constitute negligence.

The platform at the depot in question is 152 feet long and 6 feet 9 inches wide. At the end where appellee fell it is 1 foot 4 inches from the ground at the corner nearest the railroad track, and 2 feet 1 inch from the ground at the other corner. The plaintiff's case is based upon the theory, and his testimony is to the effect, that it was so dark that he could not see where the platform terminated, and that, supposing the platform to extend further, he stepped beyond its edge and thereby fell. It is true the testimony shows that there were no steps at the place where he fell, but if there had been, it is not probable that they would have prevented appellee from falling. He was not attempting or expecting to descend from the platform to the ground, nor was he attempting to get from the ground to the platform. He was on the platform, expecting to step therefrom to the train; and, if his own testimony is to be credited, he inadvertently steppped off the platform because there was not sufficient light to distinguish where it terminated.

Therefore, according to the testimony presented by the record, the question of sufficiency or insufficiency of approaches to the depot or platform is not involved in the case, and should not have been submitted to the jury.

The other portion of the charge complained of is embraced in article 4521 of the Revised Statutes, which reads as follows:

"Every railroad company doing business in this State shall keep its depots or passenger houses in this State lighted and warmed, and open to the ingress and egress of all passengers who are entitled to go therein, for a time not less than one hour before the arrival and after the departure of all trains carrying passengers on such railroad, and every such railroad company, for each failure to comply with the provisions of this article, shall forfeit and pay to the State of Texas the sum of fifty dollars, which may be sued for and recovered in the name of the State in any court of competent jurisdiction, and shall be liable to the party injured for all damages by reason of such failure."

It will be observed that this is a penal statute, a designated sum being prescribed as a forfeiture recoverable by the State for each day the statute is violated. Such being its character, its import should not be extended by construction, and it should be held to impose only such burdens and obligations as are distinctly stated. It imposes upon railroad companies doing business in this State the duty of keeping their depots or passenger houses lighted and warmed, and open to the ingress and egress of all passengers for the period of time therein designated. The places required to be lighted, warmed, and open are depots or passenger houses, and it is obvious that these do not include platforms or other places where passengers are expected to get on and off trains. The word "depot," like "passenger house," as used in this statute, means some character of house or building that can be warmed and opened, as well as lighted.

The plaintiff can not complain merely because there was no light in the depot. His complaint is a failure to light the platform, and if it had been or was sufficiently lighted, it is immaterial whether or not there was any light inside the depot. Hence we conclude that the statute referred to has no application to this case, and that the question of negligence or not in furnishing light on the platform should have been left entirely to the jury, and the charge quoted should not have been given. It is true that in other portions of the charge the court did submit to the jury whether or not the matters complained of constituted negligence; but we think the charge under consideration was at least calculated to confuse the jury, and as it had no application to the facts of this case it should have been omitted.

In a case falling within the purview of the statute the court might properly instruct the jury that a failure to do that required by the statute would constitute negligence; but as this case does not fall within the statute, it would not be proper to so charge.

We overrule the other assignments of error presented by appellant, as well as the cross-assignments urged by appellee.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*