(43 Misc. Rep. 603.)

### EMES v. FOWLER.

(City Court of New York, Special Term. May, 1904.)

1. EXECUTION—WAGES DUE—LIABILITY OF MUNICIPAL CORPORATION.

Code Civ. Proc. § 1391, was amended by Laws 1903, p. 1071, c. 461, so as to provide that where a judgment has been recovered for necessaries, and execution has been returned unsatisfied, and any wages are owing the judgment debtor in excess of $20 a week, the judge or justice must grant an order for execution against such wages, and it will be the duty of any person or corporation to whom the execution shall be presented, and who shall be indebted to the judgment debtor, to pay over the amount of such indebtedness, until the execution shall be wholly satisfied, to an amount not exceeding 10 per cent. of the wages, earnings, and debts due. *Held* to apply to private corporations only, and not to a municipal corporation.

Action by Charles M. Emes against Walter S. Fowler. Judgment for plaintiff. Motion by defendant to vacate execution. Granted.

Kellogg & Slosson, for the motion.
Ernest Sturm, opposed.

SEABURY, J. This is a motion to vacate an order directing that an execution issue against the wages and salary of the judgment debtor now due or which may hereafter become due and owing to him from the city of New York. The affidavit upon which the order was granted shows that the judgment debtor is employed by the city of New York in the bureau of sewers in the borough of the Bronx as a draftsman, at a salary of $150 per month. The order purports to have been made pursuant to section 1391 of the Code of Civil Procedure. The order directs the sheriff of New York county to satisfy the judgment, with interest and the expenses of the execution, out of the wages or salary of the judgment debtor, by collecting from the city of New York the sum of $15 per month—that sum being 10

per centum of the wages or salary of said judgment debtor in each and every month—and provides that said execution shall be a continuing levy on the wages and salary of the said judgment debtor until the said judgment, with interest and expenses of execution, are fully satisfied. The order further directs the city of New York to pay over to the sheriff the said sum of $15 per month.

Section 1391 of the Code of Civil Procedure was amended by Laws 1903, p. 1071, c. 461, so as to provide that:

"Where a judgment has been recovered wholly for necessaries sold, or work performed in a family as a domestic, or for services rendered for salary owing to an employee of the judgment debtor, and where an execution issued upon said judgment has been returned wholly or partly unsatisfied and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due and owing to him, to an amount exceeding twenty dollars per week and where no execution issued as hereafter provided in this section is unsatisfied and outstanding as against said judgment debtor, the judgment creditor may apply to the court in which said judgment was recovered and upon satisfactory proof of such facts by affidavit or otherwise, the court, if a court not of record, a judge or a justice thereof, must issue, or if a court of record, a judge or a justice, must grant an order directing that an execution issue against the wages, debt, earnings, salary, income from trust funds or profits of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing or may thereafter become due and owing, to the judgment debtor, said execution shall become a lien and continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits due or to become due to said judgment debtor to the amount specified therein, which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided. It shall be the duty of any person or corporation to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness to pay over to the officer presenting the same, such amount of such indebtedness as such execution shall prescribe until such execution shall be wholly satisfied and such payment shall be a bar to any action therefor by any such judgment debtor. If such person or corporation to whom said execution shall be presented shall fail, or refuse to pay over to said officer presenting said execution, the percentage of said indebtedness, he shall be liable to an action therefor by the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied toward the payment of said execution," etc.

This section makes it the duty of "any person or corporation" to whom such execution shall be presented, or from whom such an indebtedness is due or to become due, to pay the prescribed percentage of such indebtedness to the sheriff, to be applied in satisfaction of the debt due from the judgment debtor. The question presented for determination upon this motion is whether a municipal corporation such as the city of New York is within the contemplation of this section of the Code of Civil Procedure.

In attempting to discover the intention of the Legislature in the enactment of this provision, it must be construed with due regard to the principles of public policy which the courts have declared to be applicable to the salary or wages due from a municipal corporation

to a public officer or employé, and the extent to which the action of such a municipal corporation should be controlled for the purpose of enabling a judgment creditor to satisfy his private debts. The law in respect to these principles has frequently been defined, and is well settled. It is now settled beyond dispute that the wages or salary of a public officer or employé, although due, cannot be reached before it comes into his possession by a third party order in supplementary proceedings on behalf of the judgment creditor. This question has been so fully discussed by Mr. Justice McAdam in Remmey v. Gedney, 57 How. Prac. 217, note, and has been so often followed with approval, that further comment upon it is unnecessary. The reason for the rule was briefly summarized in Bliss v. Lawrence, 58 N. Y. 442, 451, 17 Am. Rep. 273, where the court said that "the substance of it all is the necessity of maintaining the efficiency of the public service by seeing to it that public salaries really go to those who perform the public service." The rule has been applied in a great variety of cases. The same principle was applied by the United States Supreme Court in the case of certain seamen of the frigate Constitution, entitled to money in the hands of a purser (Buchanan v. Alexander, 4 How. 20, 11 L. Ed. 857), and has been held applicable to moneys in the control of clerks of courts (Drane v. McGavock, 7 Humph. 132), and to money due a common-school teacher, in the hands of the school commissioner (Tracy v. Hornbuckle, 8 Bush, 336), and to the salary of a police officer, in the hands of his captain (Gray v. Ashley, 24 Misc. Rep. 396, 53 N. Y. Supp. 547).

There are many reasons why the officers of the city government should not have their actions controlled for the sake merely of allowing a judgment creditor to satisfy his claims against a debtor. In such a case public interests intervene and are paramount to the private interests of the creditor. If the section under consideration is applicable to municipal corporations, the officers of the city may be directed to pay the salary of an employé to the sheriff, and must appear in response to orders which may be served upon them for this purpose; and, if they pay over such money improperly, the municipal corporation would be subject to litigation by the debtor, and, if they do not pay the sheriff as prescribed in the order, the municipal corporation would be liable to the judgment creditor for the amount of the debt due from the city. Such a law would harass and possibly embarrass the officers of the city government in the performance of their duties, and, in the absence of a clear expression of the legislative intent to subject them to such process, this section should not be extended by construction to include them within its provisions. In Hawthorn v. City of St. Louis, 11 Mo. 59, 47 Am. Dec. 141, the court said:

"But the city of St. Louis is a public municipal corporation, created for the public benefit, and not subject to the same rules governing private corporations, such as banks, insurance companies, and other similar corporations. It should not, therefore, be compelled to stand at the bar of all the courts in this state and participate in the judicial controversies carried on between debtors and creditors. Whilst these contests would be going on, the public interest would suffer by abstracting from their corporate duties the time and attention

of the officers, and occupying them in contests about which the corporation had no interest. And however desirable it may be to creditors to enforce against the officers of the corporation their just demands by the means resorted to in this case, yet we think that public policy forbids the imposition of such a liability upon the corporation."

Bearing in mind these well-settled rules of public policy, I think it is clear that the Legislature intended that section 1391 of the Code of Civil Procedure, as amended by the Laws of 1903, p. 1071, c. 461, should be construed with due regard to them. To indulge the presumption that the Legislature intended to abrogate these well-settled rules would, in my judgment, be unreasonable. Such a construction should not be placed upon the statute in the absence of language which clearly indicates that such was the intention of the Legislature. Where a statute is of doubtful or ambiguous meaning, and is susceptible of two interpretations—one in accord with well-settled rules of public policy, and one in violation of these rules—it is clear that the courts should incline toward that construction which preserves rather than that which abrogates this policy. While section 1391 of the Code of Civil Procedure authorizes an execution against "any person or corporation," I think it is clear that the word "corporation," as used in this section, refers to private and not municipal corporations. Such a construction was applied to a statute in Wallace v. Lawyer, 54 Ind. 501, 23 Am. Rep. 661, where it was held that a section of the practice act of that state authorizing proceedings supplementary to execution against "any person or corporation" referred, not to municipal corporations or bodies politic and corporate, but to private or ordinary business corporations. In the opinion rendered in that case the court said:

"The courts hold that the general word 'corporation' must be restricted to mean private or ordinary business corporations, and not extended to embrace municipal corporations and bodies politic and corporate."

It follows, therefore, that the order under which execution was issued should be vacated and set aside, and that the comptroller of the city of New York should be relieved of the restraining clause therein contained.

Motion granted.