## CITY OF DALLAS v. HALFORD et al.
(No. 8090.)

(Court of Civil Appeals of Texas. Dallas. March 1, 1919. Rehearing Denied April 5, 1919.)

1. MUNICIPAL CORPORATIONS  &#9758;757(1) — MAINTENANCE OF STREETS—DUTY OF CITY.

It is the duty of a city to see that its streets be made and maintained in a reasonably safe condition for use by the public.

2. MUNICIPAL CORPORATIONS  &#9758;821(3)—USE OF STREETS—ACTION FOR NEGLIGENCE—JURY QUESTION.

In action against city for negligence in maintenance of street, whether acts constitute negligence is a jury question, where there is no statutory law making such acts negligence.

3. MUNICIPAL CORPORATIONS  &#9758;821(13) — MAINTENANCE OF STREETS—COURT RULE.

Whether city was negligent in failing to provide a railing or barrier along a street adjacent to a deep ravine was a question for the jury in the absence of statute making such failure negligence.

4. DEATH &#9758;11—ACTIONS FOR—COMMON LAW.

Under the common law, damages were not recoverable for death; the right of action having died with deceased.

5. DEATH  &#9758;33—RIGHT OF ACTION—"PERSON" OR "CORPORATION."

A municipal corporation is not a "person or corporation" within Vernon's Sayles' Ann. Civ. St. 1914, art. 4694, giving action for death "caused by the wrongful act * * * of another person or corporation."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Corporation; Person.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Consolidated actions by Charles M. Halford, as husband, and as next friend of his three minor children, and by Mrs. Maxwell and husband, against the City of Dallas. Judgments for plaintiffs, and defendant appeals. Reversed and remanded as to Maxwells, and reversed and rendered as to Halfords.

A. S. Hardwicke, Edward P. Dougherty, and Edward M. Browder, all of Dallas, for appellant.

McCutcheon & Church, of Dallas, and W. D. Cardwell, of Wichita Falls, for appellees.

RAINEY, C. J. This appeal embraces two suits to recover damages for personal injuries resulting in the death of Mrs. Annie M. Halford and injuries to Mrs. Laura Maxwell. Charles M. Halford, as husband and as next friend of his three minor children, and Mrs. Maxwell and her husband, brought the respective suits against the city of Dallas, which suits were consolidated and tried together in the district court.

As stated by appellant's brief, the plaintiffs' petition charged that the injuries complained of proximately resulted from the overturning of a jitney or motorbus, and the precipitation thereof down a deep ravine adjacent to Carlisle street within the limits of the city of Dallas, which overturning was alleged to have been caused by the failure of the defendant to provide suitable curbing, barriers, and guard rails along said street at said point, and also in failing to have said place properly lighted at said time. The defendant, after pleading general and special demurrers and exceptions and general denial, specially pleaded that said street at the place in question was in a good and safe condition for use by the general traveling public, that same was properly lighted, and that the accident resulted wholly from the negligence of the driver operating the motorbus or jitney in question, in that same was being operated at a high and excessive rate of speed, and that said driver, instead of controlling said jitney, had diverted his attention to other business, and thereby permitted said jitney to leave the paved street and run into said ravine, thereby causing the injuries complained of by plaintiffs.

The case was tried to a jury and resulted in a verdict and judgment for the plaintiffs, from which the city of Dallas has appealed. As the disposition of the two cases will

be different, we will first consider the case from the Maxwell standpoint.

Appellant assigns as error paragraph 4 of the court's charge, where it in effect states:

"That it is the duty of the defendant when it opens a street to public travel that same be made and maintained in a reasonably safe condition for such use, and if there be a steep precipice or gulch near to the street such as to render it dangerous or unsafe for travel, in the absence of a railing or barrier, then the failure to place such railing or barrier constitutes a defect in the street itself, and injuries proximately resulting therefrom would render the defendant liable."

[1, 2] It is the duty of a city to see that its streets be made and maintained in a reasonably safe condition for use by the public, but, as the statute furnishes no certain way a street is to be fixed, the court erred in charging that the failure to do certain things to make it safe for travel would be negligence. Where there is no statutory law stating what acts constitute negligence the court should not assume that such acts are negligence. Whether such an act constituted negligence was a question of fact which should be determined by the jury. Railway Co. v. Barnett, 19 Tex. Civ. App. 626, 47 S. W. 1039; Railway Co. v. Williams, 17 Tex. Civ. App. 675, 40 S. W. 161; Railway Co. v. Reich, 32 S. W. 817; Railway Co. v. Gentry, 197 S. W. 482; Lee v. Railway Co., 89 Tex. 583, 36 S. W. 63.

[3] The evidence shows that Carlisle street, where the accident happened, was kept in good repair, except as to the gulch side of the street, and as to that there was no railing or barrier there to prevent travelers from leaving the street. Whether or not such absence of railing or barrier was negligence on appellant's part should have been submitted to the jury to determine, and not assumed by the court.

The judgment as to the Maxwells is reversed, and cause remanded.

Appellant in its twentieth and twenty-first assignments of error complains as to the judgment of appellee Halford, in that the court erred in overruling a special exception to the petition, as follows:

"The defendant excepts specially to plaintiffs' said original petition because it is affirmatively shown therefrom that this is a suit against a municipal corporation for actual damages on account of injuries causing death of a person, and no action at law lies against defendant as alleged by plaintiff; and of this defendant prays judgment of the court"

—and of the refusal to charge the jury as follows:

"Gentlemen of the jury, you are instructed, at the request of defendant city of Dallas, to return a verdict herein for said defendant."

[4, 5] Under the common law damages resulting in death from injuries received were not recoverable, as the right of action died with the deceased. This was changed by our statute (article 4694, Vernon's Sayles' Texas Civil Statutes) when the right of action for injuries resulting in death was granted in certain cases, as stated in subdivision 2 of said article, "when the death of any person is caused by the wrongful act, neglect, unskillfulness or default of another person or corporation, their agents or servants." Under this statute it has been repeatedly held by our appellate courts that to entitle one to the right to recover he must come within its provisions, and the question here arises: Does the word "corporation," as used in the statute giving a right of action for death, embrace or include municipal corporations such as the appellant, the city of Dallas? We think not. In support of this view the appellant submits the following propositions:

(1) "The city of Dallas, a municipal corporation, is not liable in law for actual damages, on account of injuries causing the death of Mrs. Annie M. Halford."

(2) "The present Texas statute relating to 'actions for injuries resulting in death' does not render a municipal corporation, such as the city of Dallas in this cause, liable for actual damages on account of injuries resulting in the death of a person."

(3) "A municipality, such as the city of Dallas, is not a 'person' or a 'corporation' within the purview of article 4694, tit. 70, Revised Civil Statutes of Texas 1911, and the amendment thereto approved April 7, 1913 [Acts 33d Leg. c. 143], relating to injuries resulting in death."

The Attorney General of Texas in his published biennial report and opinions for 1912–14, at page 439, states that—

"The popular meaning of the word 'corporation' is private corporation, and unless there should be language used which clearly evidences the intention that the word 'corporation' shall embrace municipal corporations as well as private corporations, then the word 'corporation' should be confined in its meaning to private corporations."

And he cites the cases of Cedar Co. v. Johnson, 50 Mo. 225, East Oakland Tp. v. Skinner, 94 U. S. 255, 24 L. Ed. 125, and Commonwealth v. Beamist, 81 Pa. 389. And, basing his reasoning upon this proposition, he holds that the Texas "Employé's Compensation Act" (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h—5246zzzz]) is not applicable to municipal corporations.

Several cases by our appellate courts have held that municipal corporations are not included within the statute, subdivision 2 allowing actual damages for the death of any person through the wrongful act, neglect, or default of another, etc., and Const. art. 16, § 26, providing exemplary damages against any person, corporation, or company willfully or negligently committing a homicide does

not apply to cases in which no recovery can be had for actual damages. Ritz v. City of Austin, 1 Tex. Civ. App. 455, 20 S. W. 1029; Searight v. City of Austin, 42 S. W. 857; Elliott v. City of Brownwood, 166 S. W. 932; Elliott v. City of Brownwood, 106 Tex. 292, 166 S. W. 1129.

It is urged by appellee that the foregoing decisions do not apply to the law as it now stands, as article 4694, subd. 2, was amended April 7, 1913, so as to read, "when the death of any person is caused by the wrongful act, neglect, unskillfulness or default of another person or corporation, their agents or servants," which changed the law as it theretofore existed, and as changed it embraces "municipal corporations," and therefore includes the city of Dallas.

Appellant insists that said amendment, though including corporations, meant private corporations, and did not include municipal corporations; that said amendment was passed to cure a defect pointed out by the Supreme Court in Lumber Co. v. Cooper, 105 Tex. 21, 142 S. W. 1168, and Cotton Oil Co. v. Camp, 105 Tex. 130, 145 S. W. 902, in which cases it was held, in effect, that a private corporation under the then existing law was only bound by the negligence of party whom it had clothed with corporate power; one who acted and was a vice principal, and not acts of agents and servants, etc.

The two decisions just above cited were rendered in the year 1912 just before the amendment was acted on, June 7, 1913. It seems that the Legislature had in mind said two decisions, as the enacting clause of said act reads:

"An act to amend article 4694 of the Revised Civil Statutes of 1911, giving cause of action where injuries resulting in death is caused by the negligence of a corporation, its agents or servants, and declaring an emergency."

And the emergency clause reads:

"The Supreme Court having held that the present article does not allow recovery for injuries resulting in death caused by the wrongful act, neglect, unskillfulness or default of a corporation, its agents or servants, creates an emergency and an imperative public necessity," etc.

The law prior to said amendment read "when the death of any person is caused by the wrongful act, negligence, unskillfulness or default of another," and it was held that under said act the word "another" included a corporation, but would not include its agents and servants, unless said agents or servants were vice principals. So to make the law plain and clear it was necessary to add the words "corporations, their agents and servants," and we think it never intended to include municipal corporations, although the Supreme Court had for years held prior to said amendment that said law did not embrace municipal corporations, and it seems to us that, had the Legislature intended to embrace within said amendment municipal corporations, it would have said so by plain and certain language.

Municipalities in a sense are corporations, but, as generally used, the term "corporations" means private corporations, and does not include municipal corporations. Whether the term "corporation," as commonly used, includes only private corporations, or also embraces municipal corporations, is a disputed question, but we believe, when the courts of last resort have been called upon to decide the question, the great majority of the jurisdictions hold that it does not. Donohue v. City of Newburyport, 211 Mass. 561, 98 N. E. 1081; O'Donnell v. North Attleborough, 212 Mass. 243, 98 N. E. 1084; Bank v. Farringham, 212 Mass. 92, 98 N. E. 925; Koch v. Rinaker, 252 Ill. 266, 96 N. E. 897; Town of Kearny v. Jersey City, 78 N. J. Law, 77, 73 Atl. 110; Bramlett v. City of Greenville, 88 S. C. 110, 70 S. E. 450; Ferguson v. Caffery, 49 La. Ann. 1152, 22 South. 756; McDougal v. Board of Supervisors, 4 Minn. 184 (Gil. 130); Sherman County v. Simonds, 109 U. S. 735, 3 Sup. Ct. 502, 27 L. Ed. 1093; Owners v. People, 113 Ill. 296; State v. District of Narrangansett, 16 R. I. 424, 16 Atl. 901, 3 L. R. A. 295; Brown v. Gates, 15 W. Va. 131; People v. Turnbull, 93 Cal. 630, 29 Pac. 224; Smith v. Commissioners, 146 Ky. 562, 143 S. W. 3, 38 L. R. A. (N. S.) 151; Switzer v. City of Wellington, 40 Kan. 250, 19 Pac. 620, 10 Am. St. Rep. 196; Association v. Schraeder, 87 Iowa, 659, 55 N. W. 24, 20 L. R. A. 355; Wallace v. Lawyer, 54 Ind. 501, 23 Am. Rep. 661; Emes v. Fowler, 43 Misc. Rep. 603, 89 N. Y. Supp. 685.

In the case of Donohue v. City of Newburyport, supra, said city was sued for the negligent killing of a party under a statute similar to ours. In said case the Supreme Court uses the following language, which we think is very applicable to this case, to wit:

"But upon broader grounds the defendant must be exonerated from liability. R. L. c. 171, § 2, as amended by St. 1907, c. 375, does not apply to municipalities. It imposes liability upon 'a person or corporation.' Where these two words occur together, 'corporation' is the only word which can be contended to include a city or town. * * * That is a word which in our statutes and decisions has not been used generally to include cities and towns. In a certain sense they are bodies corporate. But in common speech it is rarely that a city or town is referred to merely as a corporation. Towns in New England differ in their nature from trading, manufacturing, or public service corporations. * * * They are created primarily for political purposes and the convenient administration of government. They possess few of the characteristics which distinguish the ordinary corporation. Bloomfield v. Charter Oak Bank, 121 U. S. 121–129, 7 Sup. Ct. 865, 30 L. Ed. 923. * * * Most, if not all,

of the city charters enacted by the Legislature pursuant to this authority do not describe the city as a mere corporation, but as a body politic and corporate or a municipal corporation. The form and arrangement of our statutes show a manifest purpose not to treat cities and towns as corporations in the ordinary sense of that word. *Separate titles of the Revised Laws relate to them.* R. L. tit. 7, 'Of Towns and Cities,' comprehends chapters 25 to 34, both inclusive. Title 6, c. 20, relates to counties. * * * Title 15, 'Of Corporations,' comprehends chapters 109 to 126, both inclusive, and relates to all kinds of general corporations, both public and private, charitable and business, those clothed with power of exercising eminent domain, as well as those having the most limited powers. * * * When the Legislature has intended to include both municipal and business corporations within the scope of a statute, generally it has used plain words to that effect. For example, in St. 1909, c. 136, the language is 'a county, city or town or any corporation.' * * * The decisions of this court, whenever the question has arisen, have held that a municipality *commonly was not included within the word* 'corporation.' Riddle v. Proprietors of Locks and Canals, 7 Mass. 169–187, 5 Am. Dec. 35; Rumford v. Wood, 13 Mass. 193. Often it is referred to as a quasi corporation. Whitney v. Stow, 111 Mass. 368; Prout v. Pittfield District, 154 Mass. 450, 28 N. E. 679; Bishop v. North Adams Fire District, 167 Mass. 364, 45 N. E. 925. This is sharply brought out in Linehan v. Cambridge, 109 Mass. 212, where it was held that the word 'corporation,' as used in the statute as to interrogatories to parties to actions, did not include cities and towns. * * * Generally it has been held that the word 'corporation' does not include a municipal corporation. Sherman County v. Simonds, 109 U. S. 735, 3 Sup. Ct. 502, 27 L. Ed. 1093; Switzer v. Wellington, 40 Kan. 250, 19 Pac. 620, 10 Am. St. Rep. 196; Brown v. Gates, 15 W. Va. 131, 160; Memphis v. Laski, 9 Heisk. (Tenn.) 511, 24 Am. Rep. 327; Iowa Electric Medical College Ass'n v. Schrader, 87 Iowa, 659, 55 N. W. 24, 20 L. R. A. 355; State v. District of Narragansett, 16 R. I. 424, 16 Atl. 901, 3 L. R. A. 295; Owners of Land v. People, 113 Ill. 296, 314; McDougal v. Hennepin County, 4 Minn. 184 (Gil. 130). See Hughes v. Auburn, 161 N. Y. 96, 107, 55 N. E. 389, 46 L. R. A. 636. Most of the cases from other jurisdictions relied upon by the plaintiff are distinguishable either in the phrase or collocation of the statute from the one here under consideration. * * * It cannot be presumed that the Legislature would intend to work such a radical change in the principles of liability for the performance of public benefit as would be wrought by construing the word 'corporations' to include cities and towns, without the use of plain and unequivocal language."

We hold that appellant Halford and children, under our statute, have no right of action for the death of Mrs. Halford against the city of Dallas, and the judgment in their favor is reversed, and judgment is here rendered for appellant, the city.

Reversed and remanded as to the Maxwells, and reversed and rendered as to the Halfords.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes