TREVINO et al. v. CITY OF SAN ANTONIO.*
(No. 7253.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1925. Rehearing Denied March 11, 1925.)

1. Death ⊜11—Right of action statutory.

No cause of action against city for death existed at common law, but such liability is wholly statutory.

2. Constitutional law ⊜48—Statute presumed constitutional.

Statutes are presumed to be constitutional, and should not be declared unconstitutional, if any reasonable construction can possibly sustain them.

3. Statutes ⊜117(2)—Municipal corporations held included in term "any incorporation" in caption of amendment of death act.

Acts 37th Leg. (1921) c. 109, amending Rev. St. 1911, art. 4694 (Vernon's Ann. Civ. St. Supp. 1922, art. 4694), giving cause of action for death against corporations includes actions against cities, and is not invalid under Const. art. 3, § 35, because cities are not specifically mentioned in caption containing term "any corporation."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Any.]

4. Municipal corporations ⊜1—Defined.

"Municipal corporation" is body politic and corporate constituted by incorporation of inhabitants of city or town for purposes of local government.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Municipal Corporation.]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by Felipa Valdez de Trevino and another against the City of San Antonio. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Samuel Belden, Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellants.

Joseph Ryan, T. D. Cobbs, Jr., and W. B. Halbig, all of San Antonio, for appellee.

COBBS, J. Appellants sued the city of San Antonio to recover $30,000 damages for the alleged death of Cipriano Trevino; appellants being the surviving widow and children of deceased.

Appellee interposed a general demurrer to appellants' petition, which was sustained by the court on the ground that municipalities are not liable for any damage causing death, because no statute in Texas has made any provision therefor; that the act of 1921 (Acts 37th Leg. c. 109 [Vernon's Ann. Civ. St. Supp. 1922, arts. 4694–4694b]) upon which the suit is predicated does not apply, because the caption of the act does not embrace the new legislation set out in the body, and does not specifically name and designate municipalities or city municipal corporations operating under special charters like appellee.

[1] The sole question to be decided here is, Can city governments—municipalities—be required to respond in damages for the death of a person?

At common law no such recovery could be had, and under our jurisprudence the same rule prevails.. Such cause of action must always be created by statute. That rule of law is so well established by authority that it does not require citation.

There were several statutes passed allowing recoveries for injuries causing death by individuals, corporations, etc. Article 3017, R. S. 1895, (article 4694, Rev. Civ. St. 1911). It was held in Ritz v. City of Austin, 1 Tex. Civ. App. 455, 20 S. W. 1030, that municipal corporations, as such, were not included by any statute. Searight v. City of Austin (Tex. Civ. App.) 42 S. W. 857; Elliott v. City of Brownwood, 106 Tex. 293, 166 S. W. 1129. To correct the seeming omission to allow a recovery for damages against corporations, for such injuries resulting in death, the Legislature undertook to amend article 4694 of the Revised Statutes to permit recovery in damages for injuries against corporations.

It was thought that such amendment using the term "corporation" was broad enough to hold municipal corporations liable. But it was held in the case of the City of Dallas v. Halford (Tex. Civ. App.) 210 S. W. 725 (in which a writ of error was refused), that "municipalities in a sense are corporations, but, as generally used, the term 'corporations' means private corporations, and does not include municipal corporations," and recovery was denied. Our present Chief Justice of the Supreme Court, while Attorney General, wrote a most interesting and valuable contribution in an opinion on this subject to the Industrial Accident Board, which will be seen in the Attorney General's published Biennial Report for 1912–1914, p. 439,

holding the same view as in Dallas v. Halford, supra.

The act was further amended in 1921, and, as much of the caption and the body of the act is important in this discussion, we copy as follows:

"H. B. No. 240. Chapter 109.

"An act to amend article 4694 of the Revised Civil Statutes of the state of Texas of 1911, as amended by chapter 143 of the Acts of the regular session of the Thirty-Third Legislature, approved April 7, 1913, by giving a cause of action for injuries resulting in death against (1) any person, association of persons, joint stock company, corporation, trustee or receiver; excepting counties and common and independent school districts; (2) * * * *"

The act itself provides:

"Be it enacted by the Legislature of the state of Texas:

"Section 1. That article 4694 of the Revised Civil Statutes of Texas, of 1911, as amended by chapter 143 of the General Laws of the state of Texas passed by the Thirty-Third Legislature at its regular session, approved April 7, 1913, be and the same is hereby amended so that hereafter the same shall read as follows:

"Article 4694. An action for actual damages on account of injuries causing the death of any person may be brought in the following cases:

"(1) When an injury causing the death of any person is caused by the wrongful act, neglect, carelessness, unskilfulness, or default of another person, association of persons, joint stock company, corporation or trustee or receiver of any person, corporation, joint stock company, or association of persons, his, its or their agents or servants, such persons, association of persons, joint stock company, corporation, trustee or receiver, shall be liable in damages for the injuries causing such death. The term corporation as used in this act shall include all municipal corporations, as well as all private and public and quasi public corporations; except counties, and common and independent school districts." Acts of 37th Leg. 1921 (Regular Session, c. 109, p. 212.

[2] No statute of the state should ever be declared unconstitutional where any reasonable construction can possibly sustain it. Destroying a statute enacted by the legislative branch of the government is one of the most solemn duties allowed to a co-ordinate branch of the government—the judicial department. A statute is presumed to be constitutional, and, when courts are called upon to pass on the constitutionality of a statute enacted with all the formality and ceremony requisite to give it vitality, the greatest caution and fullest investigation should be exercised, and the law should stand, unless the court can hold that its unconstitutionality appears beyond a reasonable doubt. Chief Justice John Marshall, who shaped the destiny of America in his expounding of the Con-

stitution, in Fletcher v. Peck, 6 Cranch (10 U. S.) 87, 3 L. Ed. 162, laid down the rule to be followed in construing the constitutionality of statutes:

"The question whether a law be void for its repugnancy to the Constitution is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative in a doubtful case. The court, when impelled by duty to render such a judgment, would be unworthy of its station, could it be unmindful of the solemn obligations which that station imposes. But it is not on slight implication and vague conjecture that the Legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the Constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility."

That is a very conservative statement· of the rule. Judge Cooley in his work on Constitutional Limitations, pp. 252, 253, adopts a stronger rule, and that is that a court should "never declare a statute void, unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt." Numerous authorities are cited which sustain the text. As said by Justice Washington, in Ogden v. Saunders, 12 Wheat. (25 U. S.) 213:

"But if I could rest my opinion in favor of the constitutionality of the law on which the question arises, on no other ground than this doubt so felt and acknowledged, that alone would, in my estimation, be a satisfactory vindication of it. It is but a decent respect due to the wisdom, the integrity, and the patriotism of the legislative body, by which any law is passed, to presume in favor of its validity, until its violation of the Constitution is proved beyond all reasonable doubt."

As said by Judge Cooley, Cons. Lim., p. 255:

"The duty of the court to uphold a statute when the conflict between it and the Constitution is not clear, and the implication which must always be that no violation has been intended by the Legislature, may require it in some cases, where the meaning of the Constitution is not in doubt, to lean in favor of such a construction of the statute as might not at first·view seem most obvious and natural. For as a conflict between the statute and the Constitution is not to be implied, it would seem to follow, where the meaning of the Constitution is clear, that the court, if possible, must give the statute such a construction as will enable it to have effect. This is only saying, in another form of words, that the court must construe the statute in accordance with the legislative intent, since it is always to be presumed the Legislature designed the statute to take effect."

[3] There can be no doubt that it was the legislative intent to make municipal corporations liable for the negligent death of a person to those who could sustain an action for such damages against a private corporation; and the only question that can arise is as to the caption complying with section 35, article 3, of the state Constitution, which provides that "no bill shall contain more than one subject, which shall be expressed in its title." As hereinbefore indicated, it had been held that the laws of Texas relating to injuries resulting in death did not make municipal corporations liable for damages in such cases, and it is evident that one of the main reasons for the amendment enacted by the Thirty-Seventh Legislature in 1921 (Gen. Laws, pp. 212, 213) was to make it comprehend municipal corporations. That such corporations are intended to be included under the general term "any corporation" in the caption of the act, and that it must be so construed from the fact that the only other municipal corporations, "counties and common and independent school district," are excepted out of the provisions. If cities and towns were not intended to be included, why mention the other municipal corporations and except them? That the Legislature intended to include all corporations, municipal, private, public, and quasi public, is shown by the positive language of the statute.

[4] It is clear that a city is a corporation and specifically described as a municipal corporation. As said by Dillon, Municipal Corporations, vol. 1 (5th Ed.) § 31, p. 58:

"A municipal corporation, in its strict and proper sense, is the body politic and corporate constituted by the incorporation of the inhabitants of a city or town for the purposes of local government thereof. Municipal corporations, as they exist in this country, are bodies politic and corporate of the general character above described, established by law partly as an agency of the state to assist in the civil government of the country, but chiefly to regulate and administer the local or internal affairs of the city, town, or district which is incorporated."

If counties and school districts had not been specially excepted in the act, they, too, would have been included in the words "any corporation." We hold the act of 1921 to be a valid law under the state Constitution. Breen v. Texas & P. Ry. Co., 44 Tex. 305; Giddings v. City of San Antonio, 47 Tex. 556, 26 Am. Rep. 321; Gunter v. Mortgage Co., 82 Tex. 502, 17 S. W. 840.

While considering this question and, indeed, after an opinion had been written, our attention was called to the case of Avery v. City of Port Arthur, reported in 266 S. W. 581. It is clear that the court, though discussing the previous law, held that this act was a valid law, and that the statutory law on this subject was remedied. Referring to the defect in the previous law, the Beaumont court held:

"This defect in our statutory law was later remedied by additional legislation."

The additional legislation referred to was the amendment set out in the foregoing part of our opinion. We have no desire to be in conflict with the decision of the Beaumont court, as we understand it, where it would require us to declare the act of the Legislature void.

We have already given our reasons why the courts should be loath to declare laws unconstitutional. The general demurrer was improperly sustained.

The judgment is reversed and the cause remanded.